# OSCAR COLLINS, Appellant, v. T. W. CRAWFORD.

### Division Two, July 25, 1908.

1. **BILL OF EXCEPTIONS: Instructions Called For But Not Copied.** Where the bill of exceptions calls for the instructions and the motion for a new trial, they will be considered on appeal, though not copied into the bill.

2. **SETTLEMENT AFTER APPEAL: Dismissal.** Where one of the appealing plaintiffs, after the appeal is lodged in the appellate court, makes a settlement of her interest in the case with defendant and by deed conveys all her interest in the land which is the subject-matter of the suit, and defendant makes a showing of those facts and files her deed to defendant, the suit as to her, on defendant's motion, will be dismissed.

3. **PARTITION: Necessary Parties: Contingent Remaindermen.** All persons who are legally and equitably interested in the subject-matter and result of the suit, must be made parties; but such interest must be a present, substantial interest, as distinguished from a mere expectancy of a future contingent interest. Where the interest of the devisee or grantee is, at most, a contingent remainder in the active trust estate, he is not a necessary party to a partition suit brought against the life tenant and the trustee who had been invested with power of disposal for the benefit of the life tenant.

4. ————: ————: ————: **Trustee.** The will devised the land to eight children, and contemplated that in dividing it among them it would be brought into hotchpot, and gave one share to a trustee to hold for the benefit of plaintiff's mother during her life,

and at her death if any of that share remained it was to go to the heirs of her body, but gave the trustee power to sell it at any time and use the proceeds to care for her. The other coparceners brought partition, and joined the trustee and plaintiff's mother as défendants, but did not join plaintiff, and after judgment, with order of sale, the entire tract was sold and the proceeds of a one-eighth interest were turned over to the trustee and he used it all for her support. *Held,* that, the trust being an active one and plaintiff's interest a contingent remainder, depending upon any portion of the one-eighth interest remaining after his mother's death, and the legal title being in the trustee, plaintiff was not a necessary, though he might have been a proper, party to the partition suit, but he was represented by the trustee, and he cannot recover judgment in ejectment against the trustee who became the purchaser of the one-eighth portion at the partition sale.

5. ———: **Jurisdiction: Trust Estate Not Pleaded.** The petition in partition should specifically set forth the interest of each coparcener, and where a part of the estate is held in trust for the benefit of one of them, that fact should be alleged, but if the suit is brought in the proper court and the land partitioned and the proceeds distributed according to the will, the court is not without jurisdiction, although those allegations are omitted from the petition, and the judgment is not subject to collateral attack, such as by ejectment.

6. **WITNESS: Trustee: Beneficiary Dead: Disposition of Trust Fund.** The trustee may testify as to what disposition he made of the trust fund, though the beneficiary be dead. The statute does not apply to such a case, because that is not a contract or transaction between the trustee and a deceased beneficiary. Where the land was devised to a trustee to hold for the life of a daughter and to the heirs of her body thereafter, and the trustee was given the power to sell and use the proceeds for her support, and the land was sold under partition proceedings, and her son sues in ejectment, on the ground that he was not made a party to the partition suit, and therefore his interest was not sold, the trustee may testify that he used the proceeds to support, pay for physicians and care for, plaintiff's mother. The deceased mother is not a party to the suit, nor are her heirs or representatives, and plaintiff does not claim through her, but through the will.

Appeal from Audrain Circuit Court.—*Hon. H. W. Johnson,* Judge.

Affirmed.

*George Robertson* for appellant.

(1)  These plaintiffs, the children of Mattie S. Collins, took a remainder in fee simple in said land. Secs. 4594 and 4645, R. S. 1899; Waddell v. Waddell, 99 Mo. 338; Brown v. Fulkerson, 125 Mo. 400; Muldrow v. White, 67 Mo. 470.   (2)  Plaintiffs, the children of Mattie S. Collins, the life tenant, were not only proper but necessary parties to the action in partition and the judgment entered is void as against them.   Secs. 4376 and 4386, R. S. 1899; Wise v. Lisa, 34 Mo. 505; Dameron v. Jameson, 71 Mo. 97; Hiles v. Rule, 49 Mo. App. 628, 121 Mo. 248; Throckmorton v. Pence, 121 Mo. 50; Johnson v. Johnson, 170 Mo. 34; Estes v. Nell, 108 Mo. 172; Lilly v. Mecca, 126 Mo. 216; Becker v. Stroeher, 167 Mo. 306; Burnes' Est. v. Ayr Lawn Co., 82 Mo. App. 66; Prewitt v. Warren, 87 Mo. App. 566.   (3)  The defendant, Thomas W. Crawford, is estopped to deny that the interest of Mattie S. Collins and her children is other than an undivided one-eighth interest in the land.   The petition in partition filed by this defendant with the others specifically states that the share of each plaintiff is an undivided one-eighth interest in said lands.   The judgment in partition is in accord with that allegation and finds and adjudges the interest of this defendant, plaintiff in the partition action, to be an undivided one-eighth interest, and the one-eighth interest is set off to each of the parties and to Mattie S. Collins in the judgment. There is no claim in the petition for partition that this defendant held any interest in trust for his sister, Mrs. Collins.   Defendant is concluded by the record he made in the partition suit.   Rolf v. Timmermeister, 15 Mo. App. 249; Forder v. Davis, 38 Mo. 107; Bobb v. Graham, 89 Mo. 200; Estes v. Nell, 140 Mo. 639; Ketchum v. Christman, 128 Mo. 38.   The defendant is bound by his pleading, the judgment and the sheriff's

deed under the order of sale in the partition action, and is estopped to deny that he had any other interest in the land than the undivided one-eighth interest individually, or that he attempted to or sold any trust estate of his sister. Pentz v. Kuester, 41 Mo. 447; Yates v. Johnson, 87 Mo. 213. (4) The sale under the proceedings in partition is the sale of the parties themselves and is as though it has been made by the conveyance of the parties thereto. Schwartz v. Dryden, 25 Mo. 576; Stewart v. Garvin, 33 Mo. 103; Pentz v. Kuester, supra. And operated only to convey the life estate of Mattie S. Collins. Freeman on Coten. and Part., sec. 416. (5) As against these plaintiffs the judgment of partition is void: (1) because not parties to the proceeding, and (2) because contrary to the will of Dr. J. H. Crawford. Sec. 4383, R. S. 1899; Ex parte Cubbage v. Franklin, 62 Mo. 364; Sikemeier v. Galvin, 124 Mo. 367; Lilly v. Menke, 126 Mo. 190; Stevens v. De La Vaulx, 166 Mo. 20; Stevens v. Larwill, 110 Mo. App. 140.

*P. H. Cullen* and *Fry & Rodgers* for respondent.

(1) The trustee, T. W. Crawford, under the will was invested with the legal title to the share of Mrs. Collins and her children and his trust was an active one and when T. W. Crawford and Mrs. Collins were made parties to the partition suit, the children of Mrs. Collins were not necessary parties to that partition suit. The contingent interest of the plaintiffs was represented in the person of T. W. Crawford, the trustee, in whom the legal title was vested by the provisions of the will. Temple v. Scott, 143 Ill. 200; American Bible Society v. Price, 115 Ill. 644; Green, v. Grant, 32 N. E. 369; 2 Underhill on Wills, sec. 781; Oxley Stave Co. v. Butler Co., 121 Mo. 637. (2) The decree ordered the sheriff to pay the proceeds of sale to the executors to pay the debts and distribute re-

mainder under the order of the probate court as provided in the will, which manner of distribution has been approved by our Supreme Court. Chrisman v. Divinia, 141 Mo. 129; Babb v. Ellis, 76 Mo. 459; secs. 4383 and 4384, R. S. 1899.

GANTT, J.—This cause was argued and the decision rendered herein on May 14, 1907. Thereafter, in due time a motion for rehearing was filed and upon consideration a rehearing was granted. The cause has been reargued at this term of the court.

The appeal is from a judgment of the circuit court of Audrain county in favor of the defendant in an action of ejectment by the plaintiff for the west half of the northwest quarter of section 28, township 52, range 8 in said county. Ouster was laid as of the — day of ——, 1903.

The answer of the defendant was, first, a general denial; and, second, a special defense, wherein defendant pleads that J. H. Crawford was the common source of title of both plaintiff and defendant, and that prior to his death the said Crawford by last will and testament devised and bequeathed all of his property, subject to his debts and certain advancements made by him, to his eight children; that, among these children, was Mrs. Mattie S. Collins, the mother of this plaintiff. The provision for Mrs. Collins in the said will was as follows: "I give and bequeath the shares of my daughter Mattie S. Collins and J. Robert Crawford, my son, in said estate, in trust, and the same shall be held in trust for them as herein provided. I hereby appoint my son Thomas W. Crawford, trustee of my said daughter Mattie S. Collins and my son J. Robert Crawford, and will and direct that all money and property coming to said Mattie S. Collins and J. Robert Crawford, shall be paid to, and received and held by said Thomas W. Crawford in trust as trustee for

them. I will and bequeath to my said daughter Mattie S. Collins, to have and to hold during her natural lifetime, and to the children of her body at her death, all in trust, all of lot three in block five in Clark's addition to Mexico, Missouri, which she is to take and the same to be charged to her at and for the sum of seven hundred dollars in the general distribution of the residue of my estate above mentioned. And it is my will and I give all money and property as the share of said Mattie S. Collins in my said estate in trust for her use during her natural life and at her death, to her children absolutely. And I direct that said trustee shall hold her said share of her estate in trust for her during her natural life, she to be paid the income thereof annually, with power to said trustee to use such part of the principal of her part of said estate as shall be necessary for her support and that of her children in case of sickness or need on the part of herself and children. At the death of said Mattie S. Collins, it is my will and request that her said estate remaining so held in trust shall go absolutely to her children, if living, but if she have no children surviving her, it is my wish and I direct that the same go, and I bequeath the same to her brothers and sisters or their heirs." The will further provided that Mrs. Collins should be charged with an advancement of $286 and also with any indebtedness of the said Mattie S. Collins to said estate, or any liability of said J. H. Crawford for Mattie S. Collins should also be deducted from her share in his estate. That at the time of his death the said J. H. Crawford was security for Mattie S. Collins on a note held by one Harper to the amount of $609.22 which was allowed against the estate of J. H. Crawford; that said J. H. Crawford died in April, 1898, testate, and that in the year 1900 the said children of J. H. Crawford, J. Robert Crawford and Mattie S. Collins, by their trustee, Thomas W. Crawford,

as plaintiffs, instituted a suit in partition in the circuit court of Audrain county against Mary Botts and Cordelia Botts, the minor heirs of Cora Botts, a daughter of the said J. H. Crawford, deceased, for the partition of the lands devised to them in said will in accordance with the provisions of said will; that in the said petition for partition the said plaintiffs set forth the provisions of the said will of J. H. Crawford, the advancements therein charged, the indebtedness and liabilities of the various legatees of said estate, and that the interest of the said Mattie S. Collins was bequeathed and devised to the said Thomas W. Crawford in trust for said Mattie S. Collins, with power to said trustee to use her share for the support of herself and her children during her natural lifetime, and asked for a decree in partition of said land in accordance with the said will, and that the share of the said Mattie S. Collins be set off or paid in trust to said Thomas W. Crawford as provided by said will; that on the 23d of January, 1901, a decree was rendered in partition in accordance with the provisions of said will, and as prayed for, an order of sale made that the sheriff sell the said lands, and, after paying all costs and expenses of said suit out of the proceedings, to pay the remainder to the executors of the said estate of J. H. Crawford, deceased, to be held by said executors subject to the orders and judgments of the probate court of Audrain county, and to be distributed by said executors under the provisions of the said will; and that all of the lands were sold by the said sheriff under said decree and partition, except lot three in block 5, Clark's addition to Mexico, bequeathed to Mattie S. Collins, and at said sale the defendant, T. W. Crawford, became the purchaser of the eighty acres of the said land herein sued for; that said sale and partition was approved at the October term, 1901, of the circuit court, and the eighty acres described in

plaintiff's petition was conveyed by the sheriff to the defendant T. W. Crawford. Defendant further stated that the said sheriff, in compliance with the said decree of the court, after paying the costs and expenses, paid the remainder of the proceeds of said sale to C. E. Crawford and Thomas W. Crawford, the executors of the estate of said J. H. Crawford; that afterwards, on December 9, 1901, said executors made a final distribution of the proceeds of said estate, including the proceeds of said lands and the share of the said Mattie S. Collins bequeathed to the said Thomas W. Crawford in trust, amounting to $2,164.65, and, deducting therefrom the advancement charged against her in said will and the $700 as the value of the said lot devised to her and her indebtedness to said estate, there remained $546.63, which was paid to the said Thomas W. Crawford as trustee in trust for said Mattie S. Collins, and defendant says that at the time of the said distribution, and for a long time thereafter, up to the date of her death, on the — day of April, 1903, the said Mattie S. Collins was continuously ill with consumption, and her said trustee, the defendant herein, in obedience to the provisions of the said will, used said balance of $546.63 for her support and maintenance, including doctor bills, nurses, medicine, etc., and the same was necessary for her maintenance. Defendant further states that the plaintiff herein had personal knowledge of all the facts hereinbefore stated, and knew of the said decree in partition at the date thereof and was present when the said lands were sold under said decree, and knew of, and approved of, the proceeds of said sale to the amount of $546.63 having been paid over to the said Thomas W. Crawford as trustee for the benefit of their mother, and during all that time the plaintiff was of age and had personal knowledge of the provisions of said will and of the condition of the estate, and of the institution of the

said partition suit, and the decree therein and of the sale and order of distribution, as well as of the other facts and circumstances hereinbefore set forth, and, with said knowledge, the plaintiff during the lifetime of the mother and after the death of said J. H. Crawford, ordered and directed said T. W. Crawford, trustees as aforesaid, to use said proceeds for the maintenance of the said Mattie S. Collins during her lifetime as provided by said will, and therefore the said plaintiff was and is estopped from maintaining this action and recovering and claiming any interest in said land.

In reply the plaintiff alleges that he was not a party to the said partition suit, and denies each and every allegation of the said answer, except the heirship of their mother and the provision for her in said will.

On the trial it was admitted that Dr. J. H. Crawford was seized of the land described in the petition at the time of his death in 1898, and that the defendant, T. W. Crawford, was in the possession of the eighty acres involved in this suit at the commencement of this action. It is further admitted that the plaintiffs Oscar Collins and Mrs. Blanche Groves were, and are, the only children of Mattie S. Collins, deceased, and that she died on the 7th day of April, 1903. The will of Dr. Crawford established all the averments of the answer in respect thereto. As to the partition proceeding the petition alleged that J. H. Crawford died testate in Audrain county, Missouri, on the — day of April, 1898.

All of the devisees were made either plaintiffs or defendants to this partition proceeding, save and except the two children of Mrs. Mattie S. Collins, Oscar Collins and Mrs. Groves. In the petition there was no allegation of the trusteeship of the defendant T. W. Crawford, but after alleging that the said J. H. Craw-

ford died testate, there were averments as to the provisions of his said last will and especially that by his last will, after the payment of certain legacies and debts, subject to certain advancements to certain of his children, he bequeathed his lands in said suit to his said children and to his daughter Cora L. Botts, who it was alleged had died since, who left the two defendants who were entitled to her share, in equal parts share and share alike. It was also alleged in the petition that the estate of Dr. Crawford had not been finally settled, but that more than two years had elapsed since notice of the letters of administration had been published and all claims for which said estate was liable had been allowed. The prayer of the petition was for partition according to the respective rights and interests of the parties and for an order of sale, as the same could not be divided in kind, and that sufficient of the proceeds of said sale be paid over to the executors of the estate of Dr. Crawford to pay the debts of the said estate and that the remainder of the proceeds be divided among the parties in proportion to their respective interests. In its decree the circuit court found that Dr. Crawford died testate in Audrain county, on the — day of April, 1898, owning the lands described in the said petition for partition, and that the estate had not been finally settled, and there were claims that had been allowed against the same that were unpaid and that the value of the land far exceeded the indebtedness. The court further found that while said will provided for the payment of a certain amount to the widow Mrs. Cynthia E. Crawford, the same has been paid and she has conveyed all her interest in said lands to the other heirs and legatees of the deceased. The court then proceeded to find that by the will certain advancements had been made to certain of the devisees and ordered the same to be taken into consideration in the final

distribution of the proceeds of the sale. Among others the court found that Mrs. Mattie S. Collins was entitled to a undivided one-eighth of said lands, and thereupon the court ordered and adjudged that a decree of partition be made among the said parties according to their respective interests, and it appearing to the court that partition in kind could not be made without loss to the parties interested, it was adjudged that the sheriff should sell the said land at public auction for one-half cash, the remainder in one year with six per cent interest from date until paid, and that out of the proceeds the sheriff should first pay the cost of the sale and pay to the executors of the estate of J. H. Crawford the remainder of said money to be held by said executors subject to the orders of the probate court of Audrain county in distribution under the will of the said deceased. To the introduction of this decree in partition the plaintiffs objected for the reason that they were not parties thereto, but the objection was overruled and plaintiffs excepted. The final settlement of the executors showed that they charged themselves with the allowances and the debts of said estate, and the balances appear as pleaded in the answer.

The oral evidence tended to prove that Mrs. Collins, the mother of plaintiff, was the daughter of Dr. J. H. Crawford, deceased, and had two children; that Mrs. Collins was a widow at the time of her father's death, and that Oscar Collins was of age at the time, or at least was of age at the time the lands of J. H. Crawford were sold in the partition proceeding. It was also shown that Mrs. Collins was without the means of support of herself and her two children after her father's death and that the trustee, the defendant herein, applied the $546.63 to the support of his sister, Mrs. Collins, during her lifetime, and that the trustee

214 Sup.—12

had no other means by which to support her except to sell the land.

Since the lodging of this appeal in this court, the defendant has filed a motion to dismiss the same in so far as Mrs. Groves is concerned, for the reason that she has settled said case as to her interest therein and executed a deed to the defendant to all the land involved in this suit, and has filed the original deed which was executed by Mrs. Groves and her husband to the defendant on the 18th of July, 1904, and recorded in Audrain county on the 22d of July, 1904, so that as the case now stands, the plaintiff Oscar Collins is the only plaintiff in the case. And his interest in the land sued for is one-sixteenth of the eighty acres described in the petition.

I.   The contention of the defendant that the instructions of the court and the motion for new trial are not before the court, because they were not carried into the original bill in full, is without merit. The bill of exceptions calls for the copying of the instructions and the motion for a new trial, and this is sufficient compliance with the statute.

II.   The motion to dismiss the cause, so far as it relates to the interest of Mrs. Groves, is sustained. [Dulaney v. Buffum, 173 Mo. 1.]

III.   The ground upon which plaintiff Oscar Collins seeks to recover one-sixteenth of this land is that, by the will of his grandfather, he is entitled to one-eighth of said land upon the death of his mother and that he is not affected by the partition of said lands by the children and devisees of his grandfather, because he was not made a party to the said partition. By the will of his father the defendant, Thomas W. Crawford, was appointed trustee of plaintiff's mother, Mrs. Mattie S. Collins, and the will directed that her share should be held in trust for her by the defendant.

Thomas W. Crawford. And while the will itself provides that the share of Mrs. Collins should be held in trust for her natural life and at her death should go to her children absolutely, it is further provided that the said trustee, the defendant herein, "should use such part of the principal of her part of said estate, as should be necessary for her support and that of her children in case of sickness or need on the part of herself or children." And further: "At the death of the said Mattie S. Collins her said estate remaining so held in trust shall go absolutely to her children, if living." We think, under these provisions of the will, through which plaintiff must recover this land, if at all, a power of sale and disposition was given to the defendant of the share of land devised to Mrs. Collins and her two children, and we think that the evidence was sufficient to show that the condition had arisen which would justify a sale of the said share by him; but, keeping in view that the share of Mrs. Mattie S. Collins in her father's estate was but an equitable title to an undivided one-eighth interest in said lands, the legal title to which said share was vested in Thomas W. Crawford as her trustee, and all subject to the payment of her father's debts and the adjustment of the various advancements and legacies bequeathed by him to his other children, it is at once apparent that the sale of this undivided interest by the trustee would not have realized the full value of that share for the benefit of Mrs. Collins and her children if she left any after her death. It must be borne in mind, too, that the other heirs and devisees of J. H. Crawford under our laws were entitled to a partition of his estate pursuant to his will, and that they did bring such a partition and in that proceeding both Mrs. Collins and the trustee who held the legal title to her share were made parties, and that proceeding resulted in a decree of the circuit court ordering all of the land to

be sold, and the proceeds turned over to the executors of J. H. Crawford to be distributed by them among the several devisees in compliance with the will. Had the testator devised to Mrs. Collins a distinct and separate piece or portion of his real estate, we have no doubt whatever that the terms of the will created an active trust in Thomas W. Crawford, and that this trust conferred upon him a power of sale of such share of said estate, and that it would not have been necessary for him to have gone into a court of equity and obtained leave to sell the same in order to supply Mrs. Collins with the necessary funds for her support, especially as all the evidence shows that the father recognized the nature of her sickness and need of support, and that the plaintiff and his sister were only entitled to whatever might be left of the said share devised to Mrs. Collins after her death. In 2 Underhill on Wills, sec. 781, it is said: "If the purposes of the trust require that the trustee shall take the fee simple of the legal interest in order that those purposes may be carried out, he will take an estate of inheritance, though no words of inheritance have been used by the testator in devising the legal interest. . . . . If the carrying out of the purposes of the trust require that the trustee shall take a fee, equity will create a fee simple in him by implication without the use of the word 'heirs.' " [Cleveland v. Hallett, 6 Cush. (Mass.) 403; DeHaven v. Sherman, 22 N. E. 712, 131 Ill. 115, 6 L. R. A. 745.] But the testator in this case did not devise to his daughter a segregated piece of real estate, but gave her an undivided one-eighth of his lands, and his whole will indicated that it would be necessary to effectuate his gifts to his children that his estate should be brought into hotchpot, and the advancements already made to his children be taken into account in the final distribution and to that end a partition would be absolutely necessary by and among

his devisees. So that much of the learning and discussion on the question as to whether a partition sale would or would not be a proper exercise of the power of sale granted to Thomas W. Crawford is inapplicable to the situation before us. As already said, Mrs. Collins and her trustee, Thomas W. Crawford, were powerless to prevent a partition of the estate of J. H. Crawford under his will, and all that they could insist upon was that the partition should be conducted in accordance with the law and the share devised to Mrs. Collins should be set off to her either in kind or that her proper share of the proceeds of the sale of the whole estate should be secured to her. It is true it is insisted by the plaintiff, Oscar Collins, that this partition proceeding was void as to him, for the reason that he was not a party thereto; but this contention ignores the fact that the legal title to this share was vested in Thomas W. Crawford as trustee by his father's will, and the duty was devolved upon him to protect and preserve the interests of Mrs. Collins and her children, and when the partition suit was brought he was made a party, as was also Mrs. Collins, the beneficiary, and the court in its decree proceeded to find the rights of the parties in the estate of J. H. Crawford according to his will, among other things, that the interest of Mrs. Collins was willed to her in trust, and directed the proceeds of the sale in partition to be applied first to the payment of the debts of said testator and the remainder to be distributed by the executors according to the will of the testator. We are cited by counsel for the plaintiff to Waddell v. Waddell, 99 Mo. 338, 12 S. W. 349, 17 Am. St. Rep. 575, to sustain his contention that the plaintiff took a vested remainder in fee simple in said land. This case is an instructive one, and we need not go further into the subject of vested and contingent remainders to demonstrate that the remainder in this case to the children and Mrs. Collins was a con-

tingent remainder—contingent, first, upon any part of said one-eighth portion of the testator's estate remaining after the death of Mrs. Collins; and contingent, also, upon the plaintiff surviving his mother. In this connection the case of Temple v. Scott, 143 Ill. 290, 32 N. E. 366, is in point. In that case land was conveyed to a trustee to collect the rents and pay them to a certain woman during her life, after her death, to convey the land to her children, "if any should survive." And it was held that the interest of the children during the mother's life was contingent. At the time of the conveyance the beneficiary had two children living, afterwards the suit in equity was brought to set aside this deed, on the ground that it was made to hinder and delay creditors, and the two children were not made parties. The court set aside the deed as fraudulent. Years afterwards, these children, who had been omitted from the suit to set aside the deed, brought their action in equity to compel the heirs of the original trustee to convey the legal title to them, on the ground that they were not affected by the decree setting aside the deed as fraudulent, because they were not parties thereto. After citing authorities to show that the gift under the deed in that case was a contingent one, the court said: "We think it is plain that the interest which the children of Lucy W. Temple took under the deed was a contingent one. The death of Lucy W. Temple would terminate the particular estate carved out, but her death was not the event which was to give effect to the estate in remainder. But the right of the children depended on the event that they survive the mother. Survivorship, and that alone, would give effect to the remainder. If no child survived, no right to the property accrued to a child,—in other words, the children of Lucy W. Temple were entitled to take, under the deed of trust, on condition that they survived her. It is true that Lucy W. Temple

had two children when the deed was executed, but whether they would in the end take an interest in the property could not be found until her death, as it could not be found whether they would survive her or not, until she died. Whether the children would ever take depended on an event or condition which was uncertain and might never happen, and that is what is termed in Kent's Commentaries a contingent remainder. If, therefore, the legal estate was in the trustee, and the children of Lucy W. Temple possessed only a future contingent interest when the decree of the circuit court of Marshall county was rendered, in 1844, they were not necessary parties to that proceeding. . . . . That they were not necessary parties to the proceeding to set aside the trust deed is fully established by the rule laid down in American Bible Society v. Price, 115 Ill. 644, 5 N. E. 126.'' In the last-mentioned case, in disposing of this question, the court said: ''Ida Price, we concede, has a contingent future interest in the devise, but no present interest. The title is in the trustees, and the duty is imposed upon them to protect and preserve this interest for whomsoever shall be ultimately entitled to it. They are parties to the suit, and they stand for and represent, in this litigation, an ownership ultimately entitled to this fund, and such ownership is bound by their representation.'' [See, also, Bennett v. Garlock, 79 N. Y. 314, 35 Am. Rep. 517; Townshend v. Frommer, 125 N. Y. 446, 26 N. E. 805; Green v. Grant, 32 N. E. 369, l. c. 372, 143 Ill. 61.] These cases, as do our own decisions, all recognize the well-settled rule in chancery, pleadings and practice, that all persons who are legally and equitably interested in the subject-matter and result of the suit must be made parties, but such interest in the meaning of said rule must be a present, substantial interest, as distinguished from a mere expectancy of future contingent interest; so that, as was said in Green v. Grant,

supra: "If you keep in mind the distinction between a mere contingent future interest in the trust estate generally and a perfect title or interest, the case is free from difficulty, notwithstanding the fact that the plaintiff may have an expectancy in the trust estate, as it shall exist at the death of his mother. That did not entitle him to be made a party to every suit that the trustee might be called upon to bring or defend in order to preserve the trust." And such is the rule announced by this court in Oxley Stave Co. v. Butler County, 121 Mo. l. c. 637, 26 S. W. 367. Our conclusion on this point is that T. W. Crawford, the trustee, was invested with the legal title to the share of Mrs. Collins and her children under the will of her father, and that his trust was an active one, and that, when he and Mrs. Collins were made parties to the partition suit, the plaintiff in this case was not a necessary party to that partition, but that the ownership of those ultimately entitled to this fund was represented in said suit in the person of the trustee, T. W. Crawford. Whatever contingent claim the plaintiff then had to the lands devised to his mother by his grandfather was converted by said sale in partition into money and the fund paid over to T. W. Crawford as trustee, as required by the will of J. H. Crawford. But, by the plain terms of the will, the plaintiff and his sister were to receive such interests under their grandfather's will as might remain of the share devised to their mother, after her death, if they survive her, and subject, also, to the disposition of so much of such share as should be necessary for the support of their mother in her lifetime, and the evidence amply supports the finding of the court that the trustee did apply the $546.63 received by him as trustee for the support of his sister, Mrs. Collins, in her life time, and there was nothing left at her death to descend to the plaintiff and his sister.

IV. But it is urged by plaintiff that the petition is fatally defective to give the circuit court jurisdiction in the partition suit to bind the interest of plaintiff, even though he could be represented by his trustee. It must be conceded that the petition was inartistically drawn and should have been more specific and ought to have alleged the trust, but it must be considered that the circuit court has jurisdiction of the class of cases, to-wit, partition suits, and that the land was in the territorial jurisdiction of the court and all the parties were before the court and when the scope of the pleadings is considered, it must appear that the object and purpose of the suit was to partition the lands of Dr. Crawford among his devisees in accordance with his will. While the allegations are scant and do not measure up to good pleading, the court was advised of the purpose to divide the lands among the devisees according to their interest under Dr. Crawford's will and this the court proceeded to do and directed the lands to be sold and after paying the costs the proceeds to be turned over to the executors to pay the allowed claims against the estate and then the balance to be brought into hotchpot and the advancements taken into account and the distribution made according to the will and this was done when the final settlement was made. The whole fee simple title of Mrs. Collins and her children was sold and that share converted into money and turned over as the will directed to the defendant as trustee to satisfy the interest of both Mrs. Collins and plaintiff in accordance with the terms of the trust. While the petition did not refer to the contingent interest of the plaintiff, the decree required the proceeds to be distributed under the will and the statute requires the court to ascertain and declare the interest of the parties, and section 4383, Revised Statutes 1899, provides that "no partition or sale of lands . . . shall be made . . . . contrary to the intention of the

testator, expressed in any such will." Thus the contingent interest of plaintiff was safeguarded by being paid over to his trustee who was a party to said suit. This is a collateral attack on the decree in partition and even though the petition was defective and the subsequent proceedings irregular, as the court had jurisdiction and the partition under the will was within the scope of the pleadings, we hold they were not void but bound the interest of plaintiff. [Chrisman v. Divinia, 141 Mo. l. c. 129, 130; R. S. 1899, secs. 4383, 4384.]

V. Plaintiff insists that the evidence of defendant and Winscott and M. E. Crawford was incompetent because it related to transactions between Mrs. Collins, who was dead, and defendant, her trustee, under section 4652, Revised Statutes 1899.

Defendant did not testify to any contract with Mrs. Collins. He simply testified to the disposition he made of the trust funds in his hands. This was a suit by plaintiff for lands which he claimed were devised to him, not by his mother, Mrs. Collins, but by his grandfather, Mr. Crawford. Mrs. Collins was not interested in this action and neither her heirs nor personal representatives were parties to the suit. Plaintiff does not claim under or through Mrs. Collins, but as a purchaser from the grandfather. We do not think the statute has any application to the facts developed. Certainly defendant was competent to testify to the conversations between himself and plaintiff and to the latter's consent that the defendant should apply the trust fund to the support of Mrs. Collins and for physicians' bills in her sickness. Neither was Winscott incompetent. Even though it be conceded that Mr. Fry could not testify as to confidential communications, his evidence was merely cumulative and does not amount to substantial error.

We have reconsidered this cause in all its bearings in the light of the very able discussion by plaintiff's

counsel.  If plaintiff had had a vested interest in the lands and had not been represented by his trustee in the partition suit, the contention that plaintiff was a necessary party is fully sustained by the decisions of this court cited by counsel, but as the lands were devised in trust to defendant and that trust an active one, we think the plaintiff's interest was represented by his trustee and it was not essential to make plaintiff a party; though he might have been a proper party, and we think the decree of the court was within the scope of the pleadings though defective and carelessly drawn as they were, and must be held binding in this collateral proceeding.  The judgment is affirmed.

*Fox, P. J.,* and *Burgess, J.,* concur.