FRATIE GREEN et al. v. JAMES LEWIS IRVIN et al., Appellants.

Division One, July 1, 1925.

1. **WILL: Devise: To Daughter and Her Heirs: Contingent Remainder.** A will by which testator gave to a daughter certain lands "during her life and after her death to go to her heirs" created a contingent remainder in the children of the daughter living at the death of the testator, dependent on their surviving the daughter; and where one of her sons, by warranty deed, conveyed his interest in the land, and died before her death, leaving children of his own, who survived said daughter, said son never had any vested interest in said land, and his deed conveyed nothing to the grantee. The fee did not vest until the death of the daughter, although four of her children, including said son, were living at the time of testator's death, but vested only upon the death of the daughter, and then the fee of a proper aliquot part vested in the surviving descendants of her said son, whose interest was contingent upon his surviving her, and as he predeceased her he never had any vested interest.

2. ———: ———: ———: **Heirs as Interchangeable with children.** A devise to testator's daughter "during her life and after her death to her heirs" is to be distinguished from a devise to a

Green v. Irvin.

daughter and after her death to "testator's children and heirs at law." A devise to a daughter "during her life and after her death to her heirs" is not a devise to testator's children or heirs; it is a devise to "her" heirs, and until her death it cannot be known who her heirs will be. It has the same meaning and effect as a devise to a daughter and the heirs of her body.

3. ———: ———: **Vested Estate: Statute.** The law favors vested estates, and estates, whether created by will or deed, will be held to vest at the earliest possible period, unless a contrary intention is clearly manifested by the instrument. But the statute (Sec. 550, R. S. 1919) providing that "if any person, by last will, devise any real estate to any person, for the term of such person's life, and, after his or her death, to his or her children or heirs or right heirs in fee, such devise shall vest an estate for life only in such devisee, and remainder in fee simple in such children" does not create a vested estate in remainder in the children of a daughter to whom lands were devised "during her life and after her death to her heirs." Under this statute such a devise creates an estate in fee in the heirs of the daughter, but it does not become a vested estate until her death, for until then her heirs cannot be ascertained. By "heirs" is meant her descendants, who are living at her death, and not her children who have previously died, whether they were living at testator's death or born thereafter.

Corpus Juris-Cyc. References: Wills, 40 Cyc. p. 1482, n. 23; p. 1679, n. 85.

Appeal from Henry Circuit Court.—*Hon. Charles A. Calvird*, Judge.

AFFIRMED.

*John A. Gilbreath* for appellants.

(1) The will created a life estate only in Levina Irvin; and created a "vested remainder" in four of her children, born, alive and in being at the death of Meyers, testator, and among the then living heirs or children of Levina Irvin was Thomas L. Irvin. Jones v. Waters, 17 Mo. 587; Byrne v. France, 131 Mo. 646; Williams v. Lobban, 206 Mo. 399. (2) The law favors vested estates, and

where it is doubtful whether the remainder is vested or contingent the courts will construe it as a vested one. Chew v. Keller, 100 Mo. 368; Tindall v. Tindall, 167 Mo. 225; Heady v. Hollman, 251 Mo. 632; Sec. 550, R. S. 1919; Warne v. Sorge, 258 Mo. 171. (3) Heirs and children constitute a class, and are used as synonyms, and in the case at bar the testator intended and meant the children of Levina Irvin when he used the term heirs. Heady v. Hollman, 251 Mo. 632.

*Ross E. Feaster* for respondents.

(1) Children and heirs are not synonymous, as children become heirs, only upon the death of the parent. No one is an heir until the death of the ancestor. 21 Cyc. 414; Rozier v. Graham, 146 Mo. 352; Jarboe v. Hay, 122 Mo. 354; Bradley v. Goff, 243 Mo. 103. (2) An heir is one born or begotten of lawful wedlock and upon whom the law casts the estate in lands, tenements and hereditaments immediately upon the death of the ancestor. Brown v. Bank, 66 Mo. App. 427. (3) Future estates are vested or contingent. 16 Cyc. 605. A remainder must await the natural termination of the particular estate. 16 Cyc. 649. A vested remainder is a present interest in property which the remainderman may convey. 16 Cyc. 652-F. (4) If Thomas Irvin had survived his mother he would have then been her heir and he would have been estopped from claiming any title to said lands by reason of the deed he made to James L. Irvin, but he having died prior to his mother's death his children became her heirs and became entitled to the share he would have had if living. Emmerson v. Hughes, 110 Mo. 631; Rodney v. Landau, 104 Mo. 251; R. S. 1919, sec. 2268; Buxton v. Kroeger, 219 Mo. 240.

LINDSAY, C.—Plaintiffs asked for determination of interests and for partition of 164 acres of land in Henry County; but, there was and is no controversy between the plaintiffs, as such, and any of the defendants as to the in-

terests owned by the parties. The controversy is between certain of the parties made defendants. It turns upon the construction to be given to the will of Andrew J. Myers, former owner of the land, who died in the year 1876; and the sole clause therein which is to be considered is as follows:

"I give to my daughter, Levina Irvin, wife of James Irvin [lands in suit described] during her life and after her death to go to her heirs."

James Irvin, husband of Levina Irvin, died in the year 1911, at which time there were nine living children of Levina Irvin. She afterward intermarried with one Henderson, but had no children of that marriage. Among the children of Levina Irvin at the time mentioned, were defendant James Lewis Irvin, and Thomas L. Irvin. In April, 1919, Thomas L. Irvin, his wife joining him, executed to James Lewis Irvin a deed of warranty to his interest in the land described in said will. In October, 1919, said Thomas L. Irvin died, leaving as his sole heirs his three minor sons, who were made defendants in the suit.

In May, 1921, said Levina (Irvin) Henderson died. Thus, the sole issue, brought here by the appeal of James Lewis Irvin, is as to the ownership of an undivided one-ninth interest in said lands, as between him and the three defendants, heirs of Thomas L. Irvin, deceased, arising upon the terms of the said will, and upon the fact that the deed from Thomas L. Irvin to James Lewis Irvin was made before the death of his mother, and also that he died before the death of his mother. It should be further stated that at the time of the death of Andrew J. Myers, the testator in said will, Levina Irvin had four children then living, and that Thomas L. Irvin was one of her children, then living.

The learned trial court, after stating in writing the findings of facts made, upon which there is no controversy, stated his conclusions of law thereon. Summarized, the conclusions were: That said will devised a life estate to Levina Irvin with remainder to the persons who might be her heirs at the time of her death; that

309 Mo. Sup.—20.

such devise of remainder was not to such persons as were heirs of the testator, but to those who were heirs of Levina Irvin, at the time of her death; that said Thomas L. Irvin had only a contingent remainder, conditioned upon his surviving his mother; that having died before his mother, his heirs became the owners of said one-ninth interest, and defendant James Lewis Irvin had acquired no title by the said deed.

In coming to the consideration of the sole question there is in this case, we concede the correctness of the rule stated by counsel for appellant in his brief: "The law favors vested estates, and where there is a doubt as to whether the remainder is vested or contingent, the courts will construe it as a vested estate." [Chew v. Keller, 100 Mo. l. c. 368; Tindall v. Tindall, 167 Mo. l. c. 225.] And the rule is that estates shall be held to vest at the earliest possible period, unless a contrary intention is clearly manifested in the grant. [Heady v. Hollman, 251 Mo. 632; Warne v. Sorge, 258 Mo. l. c. 171.]

In this case the abstract does not set forth the entire will of Andrew J. Myers, and we have nothing from which to ascertain his intent in making the devise in question, except the words employed by him in the clause which heretofore has been set out. We are therefore unable to look to the "four corners" of the will to see whether the testator, in any other part of it, used any expressions throwing light upon the clause in question. We have the fact that at the time of the death of the testator, his daughter, Levina Irvin, had four children, then living, one of whom was Thomas L. Irvin.

The argument for appellant upon the facts that have been stated, is founded upon the provisions of Section 550, Revised Statutes 1919, which in that exact form appear in Revised Statutes 1835, p. 625, sec. 28, and in all the revisions since then. This statute in its original form was construed in Jones v. Waters, 17 Mo. 587, a case relied upon by appellant. The statute then in force, Section 18, page 794, Revised Statutes 1825, is set forth in the opinion in the Jones case, at page 589: "That,

whenever any person shall, by his or her last will and testament, devise any lands, tenements, or hereditaments to any person for and during the term of such person's natural life, and after his or her death, to his or her children, or heirs, or right heirs in fee, such devise shall be taken and construed to vest an estate for life only in such devise and a remainder in fee simple in such children, heirs, or right heirs, any law, usage or custom to the contrary notwithstanding.''

This statute as it now appears (Sec. 550, R. S. 1919) and as it appears in the Statutes of 1835, and since, has omitted at the end of the sentence, after the word ''children,'' the words ''heirs, or right heirs, any law, usage or custom to the contrary notwithstanding.'' In Jones v. Waters, the devise was by the husband to his wife, ''for and during her natural life, and after her death to descend to her *children* by me, equally, share and share alike.'' It was held that the remainder vested in the children upon the death of the testator. It was said that ''the devisees in remainder were ascertained by 'the will,'' and held, that a child of the testator, who died before his mother, had a vested remainder which could be sold. In that case the remainder was thus limited to the children of the life tenant who were also to be children of the testator. In this case the remainder is limited to the heirs of the life tenant.

We have carefully considered the other cases cited, and upon which appellant relies. Their essential features distinguish them from the case at bar.

In Tindall v. Tindall, 167 Mo. 218, the granting clause of the deed to Lusina Tindall ran ''for and during her natural life, and then to the issue of her body forever; and in case she shall depart this life without issue living at her death, then to descend to her heirs at law.'' The *habendum* clause also ran that it was to her and to her sole use and benefit ''for and during her natural life and to the issue of her body forever after.'' At the time of the execution of the deed, she had no children. It was held that the remainder in fee vested when

a child was born, "issue of her body," and it was further held that taking the whole deed together, it did not make the death of the life tenant the contingency upon which the remainder should vest.

Another case relied upon is Warne v. Sorge, 258 Mo. 162. That was a deed wherein the grant was "unto Chas. C. Warne for and during his natural life and at his death to the child or children he may have surviving him and entitled by law to inherit his estate in such shares or portions as such children would by law take." The *habendum* clause was in like words. The holding in that case was that within the terms of the deed children could mean grandchildren, and that a grandchild, the child of a predeceased child of the life tenant could take the remainder, such grandchild being alive at the death of the life tenant.

In Byrne v. France, 131 Mo. 639, the estate was created by a will. The will left the property in question to the widow "for and during her natural life, and at her death to go to any child above named or their descendants." In that case the testator died in 1860. His widow died in 1864. Joseph Byrne, a son of the testator, died in 1869. To that will, there was a fifth clause, which provided that if the testator's wife died before his youngest child became of age the two eldest sons were to take charge of the property until the youngest became of age; that the land was to be sold and the proceeds divided equally "between my children or their descendants." It was held that the plaintiff in that case, who was a posthumous child of Joseph Byrne, took a vested interest in the estate, whether as real or personal property.

In Williams v. Lobban, 206 Mo. 399, the will of the testator devised all the property to his wife for her life or her widowhood and at her re-marriage or death, he directed the property to be sold and divided among his eight children, except that four of them were to have $200 more than the others. In that case the widow never re-married and lived until the year 1897. A judgment was obtained against one of the sons in 1879, and his

interest in the property sold under the judgment. It was held that he had a vested interest which could be sold, whether the property should be regarded as real estate or personal estate. In that case also it is to be noted that the testator in his will referred to his own children.

In Heady v. Hollman, 251 Mo. 632, the instrument was a deed. George W. Hollman bought certain land and had it conveyed to his two daughters "for and during their natural lives, the survivor for and during her natural life, and then unto the children and heirs at law of George W. Hollman, and heirs and assigns forever." When the deed was made, George W. Hollman had six children, all of whom were living at the time of the trial. The plaintiff in the suit claimed under a deed from one of the children of George W. Hollman, which deed was made in his lifetime. It was held that the plaintiff took a vested remainder. It was held that the words "children and heirs at law" constituted a class, and that the remainder vested in the children living at the time of the execution of the deed.

In Dunbar v. Sims, 283 Mo. 356, the will was to the widow for and during her natural life, "and at her death I will devise, that all my real estate shall go and vest absolutely in fee in my seven children equally" (naming them) "share and share alike." In that case it was held that the children, on the death of the testator, were vested with the estate in remainder, subject to the life estate, and subject to a power of disposition given by the will to the widow.

Another case, which counsel claims is parallel with this, is Baker v. Kennedy, 238 S. W. 790. In that case Isaac Baker was the common source of title. He made a will leaving the land in suit to his insane son George H. Baker, "for his use and benefit during his natural life;" but as the opinion clearly shows the further provision was that the land at the death of the testator, Isaac Baker, was to be equally divided among his legal heirs and it did not go to the heirs of George H. Baker,

the life tenant. This is shown by the statement made in the opinion, l. c. 790: "The land was devised to the testator's son, George H. Baker, for his use and benefit during his natural life; at his death to be equally divided between the testator's legal heirs." Therein lies the essential distinction between the facts in this case and the facts in the case at bar. In that case it was held that Johnathan Baker, who was a son of Isaac, took "an estate in remainder in the land in controversy, which vested immediately upon his father's death." In that case as clearly appears, the decision is founded upon the fact that the remainder created by the will vested in the heirs of the testator himself, and his heirs were ascertained at his death, the time when the will took effect. The case was radically different from this one.

In the case at bar the heirs of the life tenant were to take the estate at her death, and to take as *her* heirs, not as heirs of the testator.

In all the foregoing cases, there was, at the date of the death of the testator, either, some one in being, child or children, of "issue of her body," or, who came into being during the life of the life tenant, answering and filling the description of remainderman, as drawn in the deed or the will. This was so in Waddell v. Waddell, 99 Mo. 338, a case discussed in Heady v. Hollman. In the Waddell case the *habendum* clause in the deed ran to the taker for life, "and on the death of the said John J. Waddell, the title in fee simple, to go and vest in the *children* and heirs at law of the said John J. Waddell equally, to be divided between them as tenants in common." It was held that the words "children and heirs at law" as used in the deed, constituted a class, and that being so the estate in remainder vested in those who were living at the time of the execution of the deed, and would open and let in such of the same class as came *in esse* during the continuance of the particular estate, and it was also held that the words "heirs at law" might well be construed as used interchangeably with *children,* or as meaning *grandchildren* or *descendants.*

There is not a word in the will of Andrew J. Myers which we are authorized to use interchangeably with the word "children." There is no expression in any way qualifying the words "heirs"—heirs of the life tenant, who, "at her death," are to take the remainder.

The mere fact that the life tenant had four children living at the time of the death of the testator does not warrant us in saying that the testator in using without qualification the word "heirs" used it in the sense of children. There is nothing here upon which to found a holding of interchangeability of words. There is only one word.

This is not a case wherein we can say whether the will was drawn by a layman, or by a person learned in the law. There is nothing to show that it was drawn by a layman who might loosely use the word "heirs" as synonymous with the word children. It is not like the case of Johnson v. Calvert, 260 Mo. 442, where it was said that the deed itself bore conclusive evidence that it was drawn by a layman, and it was further said, l. c. 455: "If we speak of 'heirs' of a living landowner the mind of the layman intuitively turns to the children of such landowner."

In Emmerson v. Hughes, 110 Mo. l. c. 630, BLACK, J., said: "There is nothing in this deed from which we can say that the word 'heirs' means children, and this being so, we must give to it its ordinary legal signification." [Gillilan v. Gillilan, 278 Mo. l. c. 115; Godman v. Simmons, 113 Mo. 122.] Nor does the fact that in Emmerson v. Hughes, and the other cases, the remainder was limited to heirs of the body, make the rule inapplicable to this case. Whether the remainder be limited to heirs, or to heirs of the body, in either event, it could not be told who will be such heirs until the death of the life tenant. Section 2269, Revised Statutes 1919, is as follows: "Where a remainder shall be limited to the heirs, or heirs of the body, of a person to whom a life estate in the same premises shall be given, the persons who, on the termination of the life estate, shall be the heir or heirs

of the body of such tenant for life shall be entitled to take as purchasers, in fee simple, by virtue of the remainder so limited in them.'' This section appears in that form, in Revised Statutes 1845, page 220, Section 7, and in all subsequent revisions. Its terms were applied in Hartnett v. Langan, 282 Mo. l. c. 492, a case wherein the remainder was limited to heirs of the body. [See also Schee v. Boone, 295 Mo. l. c. 224, and Cox v. Jones, 229 Mo. 53; 64.]

This statute is as explicit in its application to ''heirs,'' as it is to ''heirs of the body.'' Giving effect to it, and to the unequivocal and unqualified terms of the will of Andrew J. Myers, as we must, we hold that those who were the heirs of Levina Irvin, at her death, took the title; and the judgment is affirmed. *Seddon, C.,* concurs.

PER CURIAM:—The foregoing opinion of LINDSAY, C., is adopted as the opinion of the court. All of the judges concur.