[No. 22743. Department Two. April 10, 1931.]

MERLE WILSON DENNY, *Appellant*, v. IVAN L. HYLAND
*et al., Respondents.*[1]

*John J. Kennett, Ray M. Wardall, Grinstead, Laube
& Laughlin,* and *John Lichty,* for appellant.

*McMicken, Ramsey, Rupp & Schweppe,* for respondents Suydam *et al.*

*Hyland, Elvidge & Alvord* and *Tucker & Tucker,* for respondents Hyland *et al.*

MILLARD, J.—This action was instituted to secure the construction of the residuary paragraph of the will of Catharine O. Denny, who died in Seattle, March 18, 1926. Defendants Ivan L. Hyland and Robert Orr Denny were nominated by the testatrix as her executors. Under the will, which was duly filed for pro-

[1]Reported in 297 Pac. 1083.

bate, the only devisees and legatees are plaintiff Merle Wilson Denny and defendants Grace Denny Suydam, Arthur A. Denny II, Helen Denny Carnahan, and Robert Orr Denny. Plaintiff prays that the fourth paragraph of the will, providing for the disposition of the residue of the estate in trust, be decreed as void, and that the executors be required to administer the residue of the estate as if the testatrix had died intestate as to said residue. The appeal is from the judgment of dismissal rendered upon the plaintiff's refusal to plead further after a demurrer to his complaint had been sustained.

The pertinent provisions of the will read as follows:

''Fourth: All of the rest, residue and remainder of my property I hereby give, devise and bequeath to Ivan L. Hyland and Robert Orr Denny, or the survivor of them, as trustees, however, and direct them to take possession of said remainder and hold the same for such period of time as they in their judgment shall deem best, using the proceeds and the rents, issues and profits therefrom as in their judgment they shall deem best for the upkeep and maintenance of said property, and for the reduction of any indebtedness that there may be on any of said property, giving and granting unto my said trustees the power and authority to make, execute and deliver such mortgages, leases and encumbrances upon said property or any portion thereof as they in their judgment may deem for the best interests of the property and of the interests of the legatees therein; also giving and granting them full power and authority to sell each and every part or all of the property upon such terms as they shall see fit. This trust shall be and remain in effect for such period of time as the trustees shall deem best, and upon the sale of any portion of the real or personal property, the proceeds thereof which in the judgment of the trustees are not necessary to be used to renew or reduce any encumbrances upon said property, or for the maintenance and upkeep of the same shall be divided share and share alike, among my children,

70

namely: Grace Denny Suydam, Arthur A. Denny II, Merle Wilson Denny, Helen Denny Carnahan and Robert Orr Denny. I further direct that if any of the income from my property shall not be needed, in the judgment of my said trustees, for the upkeep and maintenance of said property, and to reduce any of the indebtedness then, and in that event, the same shall be distributed among my children hereinbefore mentioned, share and share alike, in such sums and at such times as the trustees shall deem best, and in case of the death of any of my children after my death, or during the trusteeship of the aforesaid trustees, or of the survivor or successor of them, I direct that the share of such child or children be distributed equally between his or her living issue, share and share alike, and if no issue, then to the brothers and sisters or the issue of such brothers and sisters, per stirpes, share and share alike.

"Fifth: I hereby nominate and appoint my son, Robert Orr Denny and Ivan L. Hyland, or the survivor, the executors of this my last will and testament, and direct that they execute their trust as such executors without the intervention of any court whatsoever and I direct that they be required to give no bond for the faithful performance of their trust as such trustees.

"Sixth: I hereby authorize my said executors, Robert Orr Denny and Ivan L. Hyland, or the survivor of them, to mortgage, lease, convey and deal in my said property as they conscientiously feel I would want done."

Appellant contends that the trust attempted to be created is void as it violates the rule against perpetuities.

Respondents argue that, as the trust could be terminated at any time, but in no event was to continue beyond the life of the survivor of the two named trustees, and, as the legal and equitable interest in the residuary estate vested immediately upon decedent's death, a valid trust was created.

The trial court was of the view that the rule against perpetuities was not violated, as the children were given an estate which vested at the death of the testatrix, who designated the lives of the two trustees as limiting the duration of the trust. The court said:

"While some of the language used in the will in question lends support to the contention of the plaintiff that the item in question vests title to the residuary property of the testatrix in Ivan L. Hyland and Robert Orr Denny as Trustees, I am satisfied from a careful examination of the entire paragraph that the testatrix intended to and did bequeath and devise all of her residuary estate to her children . . . merely postponing their possession and enjoyment thereof. In other words, the children are given an estate which vested at the death of the testatrix. This does not violate the rule against perpetuities as that rule is directed against the creation of estates which do not vest within the time provided by the rule . . . By expressly providing that in the case of the death of one of the trustees, the survivor shall continue to act and by failing to provide for the appointment of a successor in the event of the death of both she has clearly provided that the trust shall cease upon the death of both trustees. And the fact that she leaves the management and distribution of her estate to their judgment and discretion clearly indicates an intention to limit the trust to their lives. She makes no provision for a continuance of the trust thereafter; she nowhere provides that a court may appoint successors to them. She has clearly indicated that the trust shall remain in effect for only 'such period of time as the said trustees (not other persons selected as successors thereto) shall deem best.' Fairly construed, the will provides that the trust shall continue until terminated either voluntarily by the trustees or survivor trustee, or by the death of the survivor trustee. In selecting or designating the lives of Ivan L. Hyland and Robert Orr Denny as limiting the duration of the trust, the testatrix has taken her will without the rule against perpetuities."

██  We can not agree with the trial court's construction of the will. The fourth paragraph of the will in clear language provides that, in the case of the death of any of the children of the testatrix after her death or during the trusteeship of the two trustees, "or of the survivor or *successor* of them," the share of such child or children shall be distributed equally between such child's living issue, and if no issue, then to the brothers and sisters, or the issue of such brothers and sisters. There is no gift to anyone except such as are surviving and capable of taking at the time of distribution "at such times as the trustees shall deem best." The testatrix expressly provided for the naming of the successor to the two trustees. If this trust is valid, and if both of the trustees named had died prior to the death of the testatrix or within a short time thereafter, the court would have appointed a successor to administer the trust.

"It is a rule which admits of no exception that equity never allows a trust to fail for want of a trustee; or, in other words, that if a trust is once properly created, the incompetency, disability, death or nonappointment of a trustee will not defeat it; . . ." 26 R. C. L. p. 1273, § 123.

The rule against perpetuities is clearly stated as follows in 21 R. C. L., p. 282, § 2:

"The rule against perpetuities is usually stated as prohibiting the creation of future interests or estates which by possibility may not become vested within a life or lives in being and twenty-one years, together with the period of gestation when the inclusion of the latter is necessary to cover cases of posthumous birth."

The rule, however, applies only to the vesting of future estates, and does not apply to vested estates. The rule has reference to the time within which the title vests and has nothing to do with the postpone-

ment of the enjoyment. 21 R. C. L., p. 290, § 12. If the residue of the estate of the decedent has already vested, or will necessarily vest within a life or lives in being and twenty-one years thereafter, the trust is valid. If, however, the property under the trust will not necessarily vest within the time limited against perpetuities, no estate is created.

Under the terms of the will the two trustees can hold for the period of their natural lives:

"I hereby give, devise and bequeath to Ivan L. Hyland and Robert Orr Denny, or the survivor of them, as trustees, however, and direct them to take possession of said remainder and hold the same for such period of time as they in their judgment shall deem best."

There is nothing in this proviso that, at the death of the trustees, the trust shall end. The property is placed in the hands of trustees Denny and Hyland, to be administered by them as they deem best.

Nowhere in the will is there a suggestion that the property is to be in trust for the children. The testatrix did not say "for the use and benefit of my children" and in some other portion of the will state when the children were to receive the property. We find no language devising and bequeathing the corpus of the estate to the children, except as converted into money and distributed to the children by the trustees.

The property did not vest. The children take the income at such times as the trustees deem best. If one of such children die, his or her interest is divided among the surviving children in the event such child has no issue. The trustees are directed that, if the income from the property is not needed for the maintenance of the property, such income shall be distributed among the children share and share alike, at such times as the trustees shall deem best. In the event of

74

the death of any of the children during the trusteeship of Hyland and Denny, ''or of the survivor or successor of them,'' it is directed that the share of such child or children be distributed equally between his or her living issue, etc. It is not certain when or in whom the corpus of the estate will vest. As long as there is a contingency—members of a class to come into being, or members to be dropped from a class—there is no vesting.

''A future interest is contingent if the person to take is not in existence, as where a gift is to children, heirs of the body, and the like of one who, at that time, has no living descendants. It is also contingent where, by the terms of the gift, the beneficiaries cannot be ascertained until the happening of some future event. Where a devise is made to a class in such terms that the class cannot be ascertained at the death of the testator, but must be ascertained at some future time, the interest of the members of such class corresponding to such description is a mere contingency until such class is definitely ascertained. A gift to the 'heirs' of a certain person, to be ascertained at some time in the future 'heirs' being used in its primary meaning, and not as equivalent to children; or a gift to the members of a class, such as children, who may be living at some future period of time, is contingent.'' Page on Wills (2d ed.), Vol. 2, § 1119.

''Gifts over to a class, where the class is open until some future time, are technically vested (unless they are made expressly subject to some other contingency), if there be one or more of the class in esse at the time of the making of the gift. Nevertheless, from the standpoint of the perpetuity rule, they stand on the same footing as purely contingent gifts, since the final membership of the class, and hence the actual ascertainment of the person who will take, will not be determined until the time fixed for the closing of the class. And when the time fixed for the closing of the class is so remote as to conflict with the perpetuity rule, the gift is void.'' *McGill v. Trust Co. of New Jersey*, 94 N. J. Eq. 657, 121 Atl. 760.

The interest of the children can not be regarded as other than contingent, as there was no direct gift to them of the corpus of the estate, and the gift of the income was also dependent upon the discretion of the trustees.

"Where there is no gift but in a direction to pay or transfer or divide among several persons at a future period; though the future period is annexed to the payment, possession or enjoyment, yet it is also annexed to the devise or bequest itself. For, in this case, the direction to pay or transfer or divide, constitutes the devise or bequest itself; and, therefore, the vesting in interest is postponed, and not merely the vesting in possession or enjoyment." Smith on Executory Interests, § 314.

The beneficiaries under the terms of the trust have no present vested interest. The estates attempted to be created under the fourth paragraph of the will would not necessarily vest within a life or lives in being and twenty-one years thereafter. No provision is present in the will for vesting the title in the corpus of the estate. The legal title is in Denny and Hyland, and, after them, would be in their successor. The equitable title is in abeyance until the trustees act. We find no language in the will devising or bequeathing the equitable interest in the residuary estate to any one. The language of the will means no more and no less than that, until the trustees make a conveyance, there is no vesting of the estate.

"The divide and pay rule itself has been modified, some courts recognizing that the rule was an exception to rule eight above, have held that even where the postponment of the payment was only for the purpose of letting in an intermediate estate and that then the beneficiary would be determined as of the date of the death of the testator, and that futurity would not be annexed to the substance of the gift, yet have held that such remainders were contingent if there was not

added to the provision for the remainder words of gifts to the remainderman in addition to the directions to the trustees, where the estate was given to trustees to be paid or divided or distributed. In *In re Crane,* 164 N. Y. 71, 58 N. E. 47, it was said: '. . . aside from the direction to the executors or trustees to divide and distribute the estate, there are no words importing a gift, and hence it becomes our duty to give force and effect to the rule that, where the only gift is found in a direction to divide or pay at a future time, the gift is future, not immediate; contingent, and not vested.' . . . A rule which bears close relation to the divide and pay rule (and it may be noticed that these rules are so interlocked and interwoven the surgeon in the use of his scalpel has difficulty in dissecting them) is that, where the will contains a provision giving the property to trustees, who are to manage it and see to the distribution of the various estates conveyed out of it, that persons taking from the trustees take through what is called a 'power in trust,' and that they derive no title from the testator but derive a title from the trustee, and that therefore the estate does not become vested in them until the trustees have made the conveyance.'' *Shufeldt v. Shufeldt,* 130 Wash. 253, 227 Pac. 6.

The judgment is reversed and the cause remanded with directions to overrule the demurrer.

TOLMAN, C. J., FULLERTON, MITCHELL, and MAIN, JJ., concur.