W. SCOTT BATES and UNION NATIONAL BANK IN KANSAS CITY, a Corporation, as Successor Trustees of the Trust Estate created under Paragraph Second of the Last Will and Testament of LEE CLARK, v. R. BRUCE CLARK and CELIA L. CLARK, Appellants, and W. SCOTT BATES and UNION NATIONAL BANK IN KANSAS CITY, a Corporation, as Successor Trustees of the Trust Estate created under Paragraph Eighth of the Last Will and Testament of LEE CLARK, for the benefit of Defendants R. BRUCE CLARK and CELIA L. CLARK.—163 S. W. (2d) 975.

Division Two, July 28, 1942.

*Cornelius Roach* and *Daniel L. Brenner* for appellants.

*Bowersock, Fizzell & Rhodes* for respondents.

WESTHUES, C.—This case involves the construction of a will. R. Bruce Clark and his wife, Celia L. Clark, deeming the decree of the trial court to be erroneous and prejudicial to their rights, appealed.

Bates v. Bates, 343 Mo. 1013, 124 S. W. (2d) 1117, involving the construction of the ▮ same will, was before division one of this court in the year 1938. The questions of law in that case were somewhat similar to the points in this case. The opinion in the Bates case, however, is not necessarily controlling because the facts are not identical and the rights of appellants in this case were not an issue in the Bates case. The will in question was executed by Lee Clark on December 7, 1916. A summary of the entire will may be found in the Bates opinion and may be read in connection herewith. We will set forth the portions of the will in which appellants are directly interested. The second clause reads as follows:

"Second: I give and bequeath unto the trustees hereinafter named, to be paid before any other distribution of my estate, shall be made, the sum of Three Hundred Thousand Dollars ($300,000.00) to be held by them in trust to manage, invest and reinvest, for the benefit of my beloved wife, Helen E. Clark, during her natural life, the income from said sum of $300,000.00 to be paid to my said wife either in monthly or semi-annual payments as she may request. If for any reason, the said $300,000.00 fail to produce an income of $15,000.00 each year, then my said trustees, if my wife shall so request, are authorized and and directed to pay to my wife out of said principal sum of $300,000.00 such an amount as, added to the income, will make $15,000.00 for her use, each year, as long as she may live. At the death of my wife said $300,000.00 or such sum as is remaining, shall be by my trustees given to and divided among such of the parties named in Paragraph Eight

(8) as may then be living and the children, if any, of such as may not then be living, in the proportions named in said paragraph eight (8)."

The eighth clause referred to in the second clause reads as follows:

"Eighth: The residue of my estate I give and bequeath to the following, to be divided among such of the parties as may then be living and the children, if any, of such as may not then be living, in the following proportions, to-wit:

"To Edgar W. Clark, brother four-elevenths (4/11);

"To W. J. Clark, brother two-elevenths (2/11);

"To my trustees for the benefit of Florence E. Bates, sister as hereinafter set forth, three-elevenths (3/11);

"To my trustees for the benefit of R. Bruce Clark, brother, as hereinafter set forth, Two-elevenths (2/11);

"I request my brother, Edgar W. Clark, to see that his three children receive such proportion of the four-elevenths (4/11) given him as his judgment dictates.

"I request my brother, W. J. Clark, to see that his daughter, Leta, receive such portion of the two-elevenths (2/11) as his judgment dictates.

"The Three-elevenths (3/11) left to my trustees for the benefit of my sister, Florence E. Bates, shall be by them invested and reinvested the income from same to be paid said Florence E. Bates, during her lifetime, and at her death, the said 3/11 to be equally divided between her sons, W. Scott Bates, Albert B. Bates and her grandson, George E. Bates, son of said W. Scott Bates. In case of the death of any of the above, then to the survivor of them.

"The two-elevenths (2/11) left to my trustees for the benefit of R. Bruce Clark, shall be by them invested and reinvested, the income from same to be paid to R. Bruce Clark, or his wife, Celia L. Clark, to be by them used for the education and support of their son, Daniel T. Clark. In case of the death of either, then to the survivor, and in the case of the death of both R. Bruce Clark and Celia L. Clark, then the trustees shall see that said Daniel T. Clark is cared for and educated out of the income of said 2/11, in case of the death of said Daniel T. Clark, before his parents should die, then the trustees shall pay the income of said two-elevenths to R. Bruce Clark and Celia L. Clark in equal parts for their support as long as they, or either of them shall live. After Daniel T. Clark is educated, then the income from said two-elevenths shall be paid to R. Bruce Clark and Celia L. Clark, in equal parts, during their lifetime and to the survivor of either of them. After the death of both and if said Daniel T. Clark shall have reached the age of twenty-five years, the principal of this trust fund shall be by the trustees, paid over to said Daniel T. Clark, and this trust terminated."

The record discloses that appellants' share in the $300,000.00 mentioned in clause two of the will, which is here in controversy, exceeds $7,500.00, hence our jurisdiction of this appeal. The dates of the deaths of the various parties are material to the questions ▉ of law involved and we deem it advisable to state them before discussing the merits. The testator died April 11, 1917. Daniel C. Clark, mentioned in clause eight, the only child of appellants, died in the year 1919. The widow of the testator, Helen E. Clark, who was the beneficiary of the trust of $300,000.00 under clause two of the will, died in the year 1934.

Since the death of Helen E. Clark respondents, trustees, have had in their hands appellants' portion of the $300,000.00 trust created by clause two of the will. They claim to hold the same as trustees since her death under clause eight of the will. Appellants, on the other hand, claim that under the terms of the will the trustees should pay to them two-elevenths of the $300,000.00, contending that the testator never intended to include that fund in the trust created for them by clause eight; that since they were living at the death of Helen E. Clark they are entitled to be paid their part of the $300,000.00. In Bates v. Bates, supra, this court said:

"The phrase *as may then be living* in the second clause of the present will, as we construe, has reference, as to time, to the death of Helen E. Clark, and not to the death of the testator."

That ruling we deem correct. The will plainly so stated. The trustees, therefore, at the death of Helen E. Clark, were directed by clause two of the will to divide the fund "among such of the parties named in paragraph Eight (8) as may then be living and the children, if any, of such as may not then be living, in the proportions named in said paragraph eight (8)." The trustees, therefore, were directed to turn to clause eight and distribute the fund in the proportions therein stated. As to appellant R. Bruce Clark this clause reads:

"To my trustees for the benefit of R. Bruce Clark, brother, as hereinafter set forth, Two-elevenths (2/11);"

The words, "as hereinafter set forth" insofar as they affect appellants, refer to the paragraph setting forth the purpose of the trust and the manner of its administration. Had the testator intended that the trustees should pay appellants' portion of the $300,000.00 directly to them, free from the trust, he no doubt would have so provided. The trustees are bound to follow the directions of the will, and as we interpret its provisions it was the intention of the testator that the two-elevenths of the $300,000.00 remaining at the death of the testator's widow should flow through the same channels as the residuary estate distributed by the terms of clause eight. If that be correct, then the trustees rightly hold the fund as trustees under clause eight for the benefit of both appellants.

Appellants in their brief state:

"Even though the Court should hold that the two-elevenths (2/11) of the Helen Clark trust be distributed in accordance with the provisions of Paragraph Eight, R. Bruce Clark and Celia L. Clark are entitled to the fund absolutely, as heirs at law of Daniel T. Clark."

This question again requires an examination of the will. The persons named in clause eight had no vested interest in the trust fund created by clause two until the termination of the trust. The testator expressly directed that whatever remained of the $300,000.00 at the death of Helen E. Clark should be paid to those mentioned in clause eight as may then be living and the children of those not then living. It seems that that language is clear. We had a similar situation in Kingston v. St. Louis Union Trust Co., 348 Mo. 448, 154 S. W. (2d) 39, 1. c. 41 (3), and we held that such a provision did not create a vested remainder. Division one of this court in Bates v. Bates, supra, decided that the parties mentioned in clause eight had no vested remainder in the trust fund of clause two until the termination of the trust. Since Daniel C. Clark died long before the trust terminated his parents could not inherit any interest in the fund created by clause two of the will because Daniel C. Clark did not have any vested interest therein.

By the terms of the trust created for the benefit of appellants it was expressly provided that in case Daniel C. Clark died before appellants the trust should continue for their benefit so long as either of them shall live. It is therefore the duty of the trustees to hold the funds and administer the trust for the benefit of appellants.

Evidence was offered at the trial showing that R. Bruce Clark and his brother, the testator, were always friendly and on the best of terms. Taking that as a basis it is argued that the testator did not intend to discriminate against his brother, R. Bruce Clark, by creating a trust fund only. That argument assumes that the provisions of the will are discriminatory against R. Bruce Clark. The testator may not have been of that opinion. R. Bruce Clark and his wife have enjoyed a substantial income from the trust fund for twenty-five years and will continue to have the benefit thereof so long as they may live. After all, it was the testator's property to do with as he chose and whether or not he had a good reason to create a trust fund for R. Bruce Clark in place of giving him an outright gift is not for the courts to decide. Our only function is to do our best to determine the intention of the testator.

Deeming the decree of the trial court to be correct it is hereby affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.