**MERCANTILE TRUST COMPANY,**
a Corporation, Appellant,

v.

**Robert W. HAMMERSTEIN et al.,**
Respondents.

No. 50221.

Supreme Court of Missouri,

Division No. 2.

May 11, 1964.

Motion for Rehearing or for Transfer
to Court En Banc Denied
July 13, 1964.

Biggs, Hensley, Curtis & Biggs and Ward Fickie, St. Louis, for plaintiff-appellant.

Lackland H. Bloom, St. Louis, for defendants-respondents Robert W. Hammerstein.

Albert E. Hausman, St. Louis, for unknown and unborn heirs of Mrs. J. M. Griffin, defendants-respondents.

PRITCHARD, Commissioner.

Mrs. J. M. Griffin died testate in the City of St. Louis, Missouri, on August 26, 1959. By her last will and testament her residuary estate was bequeathed in trust (claimed by appellant to violate the rule against perpetuities, the principal issue here) to persons named in three groups. In Group Three of these beneficiaries was included Dorothy Weber Long who with her brother, Nelson Weber, was to receive one-third of the total net income from the trust to be paid quarterly each year by the trustees. Dorothy Weber Long died testate on March 14, 1961, and her estate is in the process of being administered in the Probate Court of St. Louis County. Appellant is the executor of Mrs. Long's estate. The third annual settlement in Mrs. Griffin's estate shows a balance on hand in excess of $264,-000 after payment of estate and inheritance taxes, which amount will go to the trustees under her will if the trust provision is valid in that it does not violate the rule against perpetuities, or, if invalid for that claimed reason, appellant as the executor of Mrs. Long's estate and the other heirs of Mrs. Griffin will be entitled to take her residuary estate by intestate descent. §§ 474.010 and 474.020, RSMo 1959, V.A.M.S. Thus, the amount in controversy between appellant and respondents exceeds $15,000 and we have jurisdiction of this appeal.

The three groups of beneficiaries of the trust are named and their respective shares therein are set forth in Clause Sixth (c) of the will as follows:

"Group One (1): One third (⅓) of the said net income, according to the respective interest set opposite each name, to the children of my deceased brother, Oscar Weber, namely, to-wit:

"(1) To the children of my deceased nephew, Maurice Weber, namely Maryellen Wolf, Virginia Squires, and William M. Weber, each a Two-fifty fourth (²⁄₅₄) interest in the grand total of said net income.

"(2) To the children of my deceased niece, Gladys Weigman, namely, Betty Jean Weigman and Mariellen Schafer, each a Three-fifty fourth (³⁄₅₄) interest in the grand total of said net income.

"(3) To my nephew, Chester Weber, a Six-fifty fourth (⁶⁄₅₄) interest in the grand total of said net income.

"Group Two (2): One-third (⅓) of the said net income, according to the respective interest set opposite each name, to the children of my deceased brother, Arthur Weber, namely, to-wit:

"(1) To my niece, Ruth Momm, a Nine-fifty fourth (⁹⁄₅₄) interest in the grand total of said net income.

"(2) To my nephew, Arthur Weber, Jr., a Nine-fifty fourth (%4) interest in the grand total of said net income.

"Group Three (3): One-third (⅓) of the said net income, according to the respective interest set opposite each name, to the children of my deceased brother, Charles Weber, namely, to-wit:

"(1) To my niece, Dorothy Weber Long, a Nine-fifty fourth (%4) interest in the grand total of said net income.

"(2) To my nephew, Nelson Weber, a Nine-fifty fourth (%4) interest in the grand total of said net income."

All of the persons above named as beneficiaries were living at the time of the death of the testatrix, Mrs. Griffin.

Appellant contends that the rule against perpetuities is violated by sub-paragraph (e) of Clause Sixth of Mrs. Griffin's will, which reads:

"(e) The Trust Estate is to continue in existence for not more than twenty-five (25) years after my death, and may be closed before that time, at the sole discretion of my Trustees, should they deem it advisable to do so. In the event that such closing is made prior to the end of such twenty-five (25) year period, no Trustee shall become liable to any beneficiary herein named or any contingent beneficiary, because the closing was made prior to the end of said period. At the time of any termination of said trust, all the net principal and accrued income shall be paid and delivered to the above-named persons, as their respective interests may appear, or such other persons, as hereinafter provided."

Sub-paragraph (f) of Clause Sixth of said will provided that if any beneficiary in Groups One and Two predeceased testatrix, or died during the life of the trust, his or her share of the income or principal would be paid to the surviving spouse so long as he or she remained single and un-married. In the event there was no surviving spouse of a named beneficiary, or said surviving spouse remarried, then the income or principal would be paid to the children of the named beneficiary or their descendants, per stirpes and not per capita. In the event that such beneficiary left no surviving spouse or such spouse did not remain single and unmarried or did not leave any children or their descendants, such interest was to pass in equal shares to those mentioned in their respective groups and if there were no survivors in any one group, then the same was to be divided equally to the remaining two groups and those mentioned in said group according to their respective interests.

By sub-paragraph (g) of Clause Sixth of the will it was provided that the interest of Dorothy Weber Long should she predecease testatrix or die during the life of the trust (which was the case here) the income or principal was to be paid to her mother, Augusta Weber, during the life of the trust, and upon her death the income or principal was to be paid to the brother of Dorothy Weber Long, Nelson Weber, if living, and if not living, then to his widow, if living, and if not living or having remarried, then to the children of Nelson Weber, or their descendants, per stirpes and not per capita.

The provision for Nelson Weber was limited by sub-paragraph (h) of Clause Sixth of the will. If he should predecease testatrix or die during the life of the trust, his interest was to pass to his widow, if living and unmarried, but if not, then to his children or their descendants per stirpes and not per capita. If he left no widow or descendants then his interest was to pass as provided in paragraph (g), and if there were no survivors in either paragraphs (g) and (h) then it was to pass in equal shares to Groups One and Two.

The trial court found that the trust estate created under Clause Sixth of Mrs. Griffin's will is not violative of the rule against perpetuities in that all of the interests thereunder vested on the date of her

death in the named beneficiaries of said trust, and for the further reason that the discretionary power of the trustees to terminate the estate (to shorten the duration of the trust) constituted a saving clause.

" 'The rule against perpetuities is that no interest within its scope is good unless it *must vest, if at all, not later than twenty-one* years after some life or lives in being at the creation of the interest, to which period is added the period of gestation, if gestation exists.' The rule is concerned with the *time* within which *title must vest,* not with a mere postponement of enjoyment or possession." St. Louis Union Trust Co. v. Kelley, 355 Mo. 924, 199 S.W.2d 344, 350 [10, 11]; Simes and Smith, The Law of Future Interests, 2nd Ed., § 1233, p. 137; 110 A.L.R. 1451; 70 C.J.S. Perpetuities § 7, p. 583. See also Schee v. Boone, 295 Mo. 212, 243 S.W. 882, 886, where it was said, "(T)he rule is only concerned with the time of the commencement of the vesting of the estate and not with its duration."

"The rule against perpetuities applies only to contingent estates or interests which will vest, if at all, in the future, and not to vested estates or interests, even though defeasible, and the character of an interest as vested or contingent is, therefore, a primary consideration. A true vested interest is never obnoxious to the rule against perpetuities; * * *." 70 C.J.S. Perpetuities § 10, p. 585; 155 A.L.R. 698; Trautz v. Lemp, 329 Mo. 580, 46 S.W.2d 135, 142.

■ In construing the instant trust provision as to whether it created a vested or contingent interest in the named beneficiaries the rule is that the intention of the testatrix must govern, and that such intention must be gathered from the will as a whole. McDougal v. McDougal, Mo.App., 279 S.W. 2d 731; St. Louis Union Trust Co. v. Kelley, supra, loc. cit. 199 S.W.2d 349 [1, 2]; Kingston v. St. Louis Union Trust Co., 348 Mo. 448, 154 S.W.2d 39, 42 [4]. In the McDougal case, supra, and cases collected and cited therein, it is said that the law favors the vesting of estates at the earliest possible moment and that when a doubt exists an estate will be construed as vested rather than contingent upon some future event, and conditions attached to a grant or devise will be construed as conditions subsequent rather than conditions precedent to such vesting.

Appellant has relied upon several cases to support its contention that the trust estate here was contingent in that the named beneficiaries *were required to survive to the* date of distribution of the corpus of the trust. Because there is a possibility, appellant says, that persons not in being might become vested with the estate at its termination in twenty-five years, it violates the rule against perpetuities. We have examined each of these cited cases and we find that in each there were distinguishing words or language used in the instruments definitely indicating that the interests granted or devised were contingent, as was held. See Collins v. Crawford, Mo., 103 S.W. 537; 214 Mo. 167, 112 S.W. 538 (remainder to her children, *if living*); Dickerson v. Dickerson, 211 Mo. 483, 110 S.W. 700 (farm to be divided between testator's surviving children and grandchildren, *if any,* whose parents were dead); Eckle v. Ryland, 256 Mo. 424, 165 S.W. 1035 (title *to vest* at the death of the surviving equitable owner of the life estate); Dwyer v. St. Louis Union Trust Co., 286 Mo. 481, 228 S.W. 1068 (remainder of trust to be divided equally among the children of the life tenant *living at the time of her death,* or at the time when the youngest of her children should have reached age 21); Mockbee v. Grooms, 300 Mo. 446, 254 S.W. 170 (proceeds of trust put on interest *until* the youngest child of life tenant shall have attained age 25); Green v. Irvin, 309 Mo. 302, 274 S.W. 684 (the children of the life tenant were to take as her heirs, not as heirs of the testator); Donaldson v. Donaldson, 311 Mo. 208, 278 S.W. 686 (after death of life tenant land was *then to vest* in fee to his children, if any, and if none, to go to others); Kingston v. St. Louis Union Trust Co., 348 Mo. 448, 154 S.W.2d 39 (direction to distribute trust estate, at the

happening of a certain event, to a class *then living,* or their descendants); Bates v. Clark, 349 Mo. 1087, 163 S.W.2d 975 (then to be divided "among such of the parties * * * as *may then be living* and the children, if any, of such as may not then be living." See also the previous case, Bates v. Bates, 343 Mo. 1013, 124 S.W.2d 1117, 1121). The last case cited, St. Louis Union Trust Co. v. Herf, 361 Mo. 548, 235 S.W.2d 241, is not helpful to appellant's position. There, upon the termination of the trust the corpus and undistributed income was to be paid over to certain named relatives and to the widow (Bertha) of one of them if single and unmarried, "and unto the descendants of such of them as may have died prior to such time, in equal shares per stirpes, free from trust." The court held merely that the settlor intended a gift to his "relatives named" (and Bertha) as a class, with a proviso that if there were a complete failure of the class, then the (named) hospitals were to take.

■ Mrs. Griffin's will contains no language expressly or by implication indicating an intention contrary to that of an immediate vesting in interest of the corpus of her trust at the time of her death. Trautz v. Lemp, supra, loc. cit. 46 S.W.2d 142; McDougal v. McDougal, supra, loc. cit. 279 S.W.2d 737. The latter case quoted from Grannemann v. Grannemann, Mo., 210 S.W. 2d 105, 107, where it was stated that " 'in the absence of anything in the will showing, either expressly or by implication, that testator intends that the title to his bounty is to be postponed, it is conclusively presumed that his gift is to vest at his death.' " Regardless of the impact of any such conclusive presumption here, there are other considerations which shed light upon Mrs. Griffin's intention as to time of vesting. She made her gifts to persons named, and this is one of the recognized symbols of vesting of an estate. In re Stevenson's Trust, Sup., 127 N.Y.S.2d 626. The distributees of the corpus of the trust are the *same* as those who are to receive the intermediate enjoyment of the income of the trust. This is a fact for consideration which is analogous to the exception to the rule of construction that the time of vesting is controlled by a direction to the trustees to "divide and pay over," such exception being that "the gift of the corpus is ordinarily vested, though payable at a future time, if the legatee is to have the intermediate use or benefit thereof." L.R.A. 1918E, 1114; 128 A.L.R. 312; 144 A.L.R. 1162; 16 A.L.R.2d 1394. Furthermore, in this case the will contains no words of futurity with respect to the time of vesting of Mrs. Griffin's trust estate. She directed merely that should any of her named beneficiaries die during the life of the trust, then in such an event the said income or principal should be paid to others. This is not a condition imposed as to the happening of an event which must occur prior to the vesting of the estate. There is no class of persons to be determined at the time of the termination of the trust— each beneficiary is specifically named as a first taker of the trust estate.

■ Under the facts of this case and under the rules of construction set forth above, we rule that the equitable title to Mrs. Griffin's trust estate vested in her named beneficiaries at the time of her death, and the legal title then vested in her trustees. This holding best conforms with the intention of Mrs. Griffin to benefit those named in her will. St. Louis Union Trust Co. v. Herf, supra, loc. cit. 235 S.W.2d 247 [4–6]. Furthermore, it is aptly said that "testators usually have in mind the actual enjoyment rather than the technical ownership of their property." Gardner v. Vanlandingham, 334 Mo. 1054, 69 S.W.2d 947, 950; McDougal v. McDougal, supra, loc. cit. 279 S.W.2d 737 [6–9]. In this holding we deem that the facts in the case of Deacon v. St. Louis Union Trust Co., 271 Mo. 669, 197 S.W. 261, are close to the facts in the case at bar. There the testamentary trust was to last for thirty years after testatrix' death, and the income therefrom was to be paid to her children named until distribution. In Clause 8 of the will it was provided, loc. cit. 262: "In case any child or children shall die be-

fore final distribution, the issue of such child shall have all the rights of the parent, taking per stirpes; but if no issue survive the share of such deceased child or children shall pass to the survivors of my said children, or their issue, the issue in all cases taking per stirpes." With respect to the contention that this clause (8) violated the rule against perpetuities, the court had this to say, loc. cit. 266: "The effect of clause 8, therefore, is to modify the absolute estate, vested in each child by the prior provisions of the will, into a present interest, but one subject to be divested by a condition subsequent, namely, death before the end of the trust period, leaving or not leaving issue, as the case may be, thus creating a defeasible instead of an absolute fee." See also Trautz v. Lemp, supra; McDougal v. McDougal, supra; Thomson v. Union National Bank in Kansas City, Mo., 291 S.W.2d 178; Greenleaf v. Greenleaf, 332 Mo. 402, 58 S.W.2d 448; and Bredell v. Collier, 40 Mo. 287

■ In view of other rules of construction here applied, we deem it of no destructive effect as authority that the court in the Deacon case apparently gave weight to the testatrix' purpose to "benefit her estate" along with the fact that there were no words used creating a condition precedent to the vesting of the estate. Nor do we adopt appellant's argument that the limitation here might be "beyond second takers." The equitable estate is vested in the first taker, as we hold, subject to being divested by that taker's death (or remarriage in the case of a spouse) during the twenty-five year period of the trust. There are gifts over in what may be termed several shifting and springing executory devises (see 54 Am.Jur., Trusts, § 8, p. 25) after the occurrence of the specified conditional limitation (so called because of the distinction of that technical term from a "condition subsequent" which gives rise to a right of entry in the grantor or his heirs or the testator's heirs on condition broken. See 19 Am.Jur., Estates, § 67, p. 530.) It is well settled that there may be several limitations after a first

executory devise. 19 Am.Jur., Estates, § 127, p. 585.

■ Appellant contends that the discretion in the trustees to shorten the period of the trust causes the interests to be contingent. Such is not the rule in this state. See Moran v. Sutter, 360 Mo. 304, 228 S.W.2d 682, 687 [5]. The cases cited by appellant do not support its contention. In none of them was there a provision that the trustees had discretion to *shorten* the period of the trust, but it was generally held in each that the trusts and trustees were self perpetuating. See Denny v. Hyland, 162 Wash. 68, 297 P. 1083; In re Morrison's Estate, 173 Misc. 503, 18 N.Y.S.2d 235; In re Estate of Patrick J. Connor, 37 Misc.2d 363, 235 N.Y.S.2d 365; Bundy v. United States Trust Co. of New York, 257 Mass. 72, 153 N.E. 337; Thomas v. Harrison, Ohio Prob., 191 N.E.2d 862.

Although the twenty-five year limitation upon the right to full enjoyment by the named beneficiaries of the corpus of Mrs. Griffin's trust estate obviously raises the red flag of warning or danger, at least insofar as the possibility of litigation is concerned, inasmuch as we have held that the equitable interests in her trust estate vested at the time of her death in the beneficiaries in a defeasible fee, the period specified does not violate the rule against perpetuities.

■ The trial court awarded appellant $3,000.00 attorneys' fees to be charged against Mrs. Griffin's trust estate. The surviving trustee, Robert W. Hammerstein, Jr., has appealed from that order. The primary purpose of appellant's suit below was to have the provision in Mrs. Griffin's will for her trust estate declared void and to destroy it. The suit was not for the benefit of the trust estate or for the beneficiaries. Under such circumstances it was error to award appellant its counsel fees to be charged against the trust estate. Thomson v. Union National Bank in Kansas City, Mo., 291 S.W.2d 178; Nelson v. Mercantile Trust Company, Mo., 335 S.W.2d 167.

The order allowing attorneys' fees is reversed, otherwise the judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.

DALTON, J., sitting vice STORCKMAN, P. J.

On Motion for Rehearing.

PER CURIAM.

 In its motion for rehearing or in the alternative for transfer to the court en banc plaintiff says, citing 41 Am.Jur., Perpetuities, § 30, and 70 C.J.S. Perpetuities § 13, that the executory devise here may take effect beyond the period specified by the rule against perpetuities and is void. We have examined the cases cited under the general statements to this effect in the aforesaid two citations and we find that there was in each *no time* limitation in any case within which the condition was to take effect. The opinion follows the rules set forth in A.L.I.Rest.Prop. §§ 370 g and 386 j, that "An executory interest so limited as to become possessory at the end of a precisely computable period of time, as for example at the end of twenty-five years, is also not subject to a condition precedent, and so is excluded from the rule (against perpetuities)." (Parentheses added.)

Plaintiff also raises the point that the matter of the propriety of the trial court's ruling in allowing plaintiff's counsel $3,000.00 attorneys' fees and charging them against the trust estate of Mrs. Griffin is not preserved for review because it was not presented to the trial court by way of motion for new trial. Plaintiff's position is that a motion for new trial on the matter is required by Supreme Court Rule 79.03, V.A.M.R., and defendants, having failed to file such motion, are precluded from raising it in this court.

Rule 79.03 expressly excepts from those matters which must be presented to the trial court in a motion for new trial for the preservation for appellate review, "questions of the sufficiency of the evidence to support the judgment in cases tried as provided by Rule 73.01." This was a court-tried case under Rule 73.01, and therefore defendants properly preserved their right to challenge plaintiff's allowance of attorneys' fees by their timely notice of appeal. See Handlan v. Handlan, 362 Mo. 1180, 247 S.W.2d 715, 718 [2], where it was held on this precise question that the sufficiency of the evidence to support allowances of attorneys' fees and expenses made by the trial court could be challenged by defendants on appeal even though they failed to file a motion for new trial.

We have examined the other matters presented and they are without merit. The motions for rehearing or in the alternative for transfer to the court en banc are overruled.