Lucille JOHNSON,
Plaintiff/Appellant/Cross-Respondent,

v.

ST. MARY'S HEALTH CENTER,
Defendant/Respondent/Cross-Appellant.

Nos. 51575.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 1, 1987.

Motion for Rehearing and/or Transfer
Denied Sept. 30, 1987.

Application to Transfer Denied
Nov. 17, 1987.

Elbert Dorsey, St. Louis, for appellant.

Gerald M. Richardson, St. Louis, for respondent.

SIMON, Judge.

Plaintiff, Lucille Johnson, appeals from a jury verdict in the Circuit Court of St. Louis County in favor of St. Mary's Health Center in her action for damages for wrongful discharge contrary to § 287.780 (RSMo 1978) of the Workers' Compensation Law. Defendant, St. Mary's Health Center, cross-appeals from a court order denying its post trial motion for expenses pursuant to Rule 61.01(g).

On appeal plaintiff contends in her pro se brief that her counsel failed to introduce certain evidence at the trial stage. On cross-appeal defendant contends that the trial court erroneously denied its post trial motion for expenses under Supreme Court Rule 61.01(g) because: (a) the order conflicted with the uncontradicted and undisputed evidence of plaintiff's refusal to answer defendant's deposition questions and (b) Rule 61.01(g) requires, under these circumstances, that the court order plaintiff to pay such expenses incurred by defendant to obtain an order compelling answers to the deposition questions.

First we address plaintiff's appeal. In her petition, plaintiff alleged that St. Mary's Health Center improperly terminated her employment because she exercised her right under the Workers' Compensation Law. The jury found in favor of defendant and judgment was rendered against plaintiff. Plaintiff filed a motion for new trial and subsequently appealed to this court. After the motion for new trial but prior to the filing of her brief, plaintiff's counsel withdrew. Plaintiff maintained her appeal by filing a pro se brief. The brief contained no reference to any of the points raised in her motion for new trial. The brief consisted of a mere recitation of evidence she believed her counsel failed to present at trial. The essential thrust of her brief is allegations of counsel error rather than any error on the part of the trial court. Plaintiff presented no legal file to this court.

■ In addressing plaintiff's appeal, we note that her failure to comply with the appellate court procedures preserves nothing for review on appeal. Appellant's brief is deficient in the following respects under Rule 84.04: the brief contains no jurisdictional statement 84.04(b), statement of facts 84.04(c), points relied on 84.04(d), citations, authorities or law. Additionally, plaintiff did not submit a legal file to this court. While an appellant has the right to appeal her own case, she is bound by the same rules of procedure as those admitted to practice law and is entitled to no indulgence she would not have received if represented by counsel. *Commerce National Bank of Kansas City, N.A. v. Conrad*, 560 S.W.2d 388, 390 (Mo.App.1977), *appeal dismissed*, 436 U.S. 901, 98 S.Ct. 2228, 56 L.Ed.2d 399, *rehearing denied*, 437 U.S. 912, 98 S.Ct. 3106, 57 L.Ed.2d 1143 (1978); *Collector of Revenue of City of St. Louis v. Parcels of Land Encumbered with Delinquent Tax Liens et al.*, 531 S.W.2d 100 (Mo.App.1975). Plaintiff's appeal is dismissed.

Next we address defendant's cross-appeal, wherein defendant contends that the trial court erroneously denied its motion for expenses under Rule 61.01(g). The facts relevant to this cross appeal are as follows: During pre-trial discovery defendant served, by mail, a notice to take plaintiff's deposition on May 9, 1985. Although plaintiff appeared at the deposition, counsel for plaintiff continually objected to defendant's questions and informed plaintiff not to answer the questions. In response to plaintiff's refusal to answer questions, defendant filed a motion to compel discovery of plaintiff by deposition. The motion requested that: (1) plaintiff be compelled to answer those questions she had previously refused to answer; (2) a commissioner be appointed to preside over the deposition; and (3) an order be issued compelling plaintiff to pay the expenses incurred because of her refusal to answer such questions, including attorney's fees.

A commissioner was appointed and the motion to compel discovery was granted. However, the court deferred its ruling on defendant's expenses and attorney fees until after an evidentiary hearing. The commissioner's fee of $525.00 was initially paid into the court by defendant pursuant to a court order dated September 16, 1985. The court order additionally stated that "[u]pon the completion of the trial of this case, the Court [sic] will assess the commissioner's reasonable fees as costs."

On October 8, 1985, the deposition resumed in the presence of the commissioner. The commissioner overruled all objections previously raised by the plaintiff. At trial and upon stipulation of the parties, all of plaintiff's depositions were admitted into evidence.

On March 17, 1986, pursuant to the jury's verdict, the trial court entered judgment and costs against the plaintiff. The total costs assessed against the plaintiff amounted to $376.00. No provision was made for the commissioner's fees in the bill of costs, contrary to the court order issued on September 16, 1985. Defendant filed a post trial motion for expenses, reassessing his costs and including the $525.00 for the commissioner's fees in the total amount prayed for. A court order in response to defendant's post-trial motion stated:

"Defendant's motion for expenses, under Supreme Court rule 61.01(g), having been heard without evidence being presented, and submitted is herewith overruled."

There is nothing in the record which suggests that defendant did present evidence at the hearing. However, defendant alleges that the exhibit attached to his unverified post trial motion for expenses serves as evidence. The total costs presented in the exhibit amounts to $3,889. The total cost of commissioner's fee equals $525.00. The total amount prayed for in his motion totaled $5,432.65.

■ Defendant has failed to properly preserve his point for review as well. Defendant did not submit a motion for new trial with respect to the motion for expenses. Defendant asserts, however, that this court has jurisdiction under Supreme Court Rule 73.01(c)(1) in which case defendant need not submit a motion for new trial in order to preserve his point on appeal. *See Mercantile Trust Company v. Hammerstein*, 380 S.W.2d 287 (Mo.1964); *Stevenson v. Stevenson*, 618 S.W.2d 715 (Mo.App.1981). The defendant misinterprets the law. This rule applies to court tried cases, not to the court's decisions arising from jury tried cases. Moreover, defendant's reliance on *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976), does not advance his theory since it was a judge tried case, and not one that was jury tried with a court ruling on a post trial motion. Interpreting court ruled motions in jury tried cases, as non jury cases within the scope of Rule 73.01, would undermine the very existence of a rule requiring motions for new trial.

■ In any event, even if the point had been properly preserved, defendant's argument would be unavailing. The defendant relies on *Carondelet Savings and Loan v. Boyer*, 595 S.W.2d 744 (Mo.App.1980) to support his allegation that exhibits can serve as evidence. This case is not applicable to the instant case. In *Carondelet*, we dealt with whether the defendant could supplement the record on appeal to reverse a summary judgment in favor of the plaintiff. The plaintiff argued that a particular exhibit could not supplement the record on appeal since it had never been before the trial court. We found that the exhibit was properly before the trial court in a motion for summary judgment when the exhibit was attached to the memorandum and affidavits.

A summary judgment is a separate and distinct procedure whereby the trial court may, upon the basis of what is presented within the motion, render judgment to either party as a matter of law upon a finding that no genuine issue of material facts exists. See Rule 74.04. Ordinarily, a motion alone does not prove itself and the burden is on the moving party to prove its allegations. *Taylor v. Coe*, 675 S.W.2d 148, 150 (Mo.App.1984). Under Rule 55.28, affidavits may be offered as evidence on motions. *Flegel v. Holmes*, 614 S.W.2d 779, 780 (Mo.App.1981).

In the instant case, no affidavits were submitted nor was the motion otherwise verified.

Cross-appeal is dismissed.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.