**L D (Plaintiffs), Appellants,**

**v.**

**J D (Defendant), Respondent.**

**No. 9219.**

Missouri Court of Appeals, Springfield District.

May 15, 1972.

Douglas, Douglas & Douglas, Neosho, for appellants.

Ruyle & Henry, Neosho, for respondent.

PER CURIAM:

This court-tried cause was instituted by a mother and her bastard child to establish defendant as the father of the child and to compel him to contribute to its support. R——— v. R———, Mo., 431 S. W.2d 152. Following trial, where only the mother and defendant testified and the child was present, judgment was entered for defendant. The court nisi made the following findings of fact: "(1) The Court does not believe the testimony of the [mother] wherein she claims defendant to be the father of . . .. (2) The child does not resemble the defendant. (3) Blood tests do not establish that defendant is the father of the child, but only show that he could be. (4) The demeanor, attitude and conduct of

[the mother] on the witness stand was such that this Court finds that the [mother] has failed to carry the burden of proof required of [her].[1]  (5) Defendant is not the father of  .  .  ..  (6) That defendant has [always] denied  .  .  .  that he is the father  .  .  .  and has refused at all times to support said child."  The mother appealed.

■■■  The lone point relied on in the mother's brief is that "The Court erred under the evidence in finding that [defendant] was not the father of [the child] and that if [defendant] is found, under the evidence to be the father, then [defendant] is liable for the support of a child born out of wedlock."  The "point"consists of nothing more than an abstract statement or assertion of error which presents nothing for appellate review [La Plant v. E. I. DuPont de Nemours and Company, Mo.App., 346 S.W.2d 231, 243(20)] because it does not undertake to state "why" the court erred in

its holding as required by Civil Rule 84.04 (d), V.A.M.R. Chambers v. Kansas City, Mo., 446 S.W.2d 833, 841(14).  But this aside for the moment, the evidence in this case, except for the inconclusive blood tests, consists solely of the conflicting oral testimony of the mother and the defendant. In such a situation the rule of deference is especially applicable, for we, unlike the trial court, have not been afforded the opportunity to view the child or the witnesses or to judge of their credibility.  Kellam v. Cooper, Mo.App., 404 S.W.2d 394, 395(4). We have, ex gratia, reviewed the record, mindful that the judgment shall not be set aside unless clearly erroneous.  Civil Rule 73.01(d), V.A.M.R.  Our conclusion is that both upon the merits of the case and because appellant has failed to comply with Civil Rule 84.04(d), supra, the judgment of the trial court should be affirmed.  Civil Rule 84.08, V.A.M.R.  It is so ordered.

All concur.

---

1.  As this case does not involve the legitimacy of a child conceived in wedlock, there is no presumption that defendant is the father.  JD v. MD, Mo.App., 453 S.W.2d 661, 662(3).  The burden of proof in causes of this character is on the complainant.  10 C.J.S. Bastards § 81b., pp. 169–170; 10 Am.Jur.2d, Bastards, § 105, p. 921.