T. A. L. S. and D. R. S., a minor, by her next friend, T. A. L. S., Plaintiffs-Respondents,

v.

R. D. B., Defendant-Appellant.

No. 36856.

Missouri Court of Appeals, St. Louis District, Division One.

July 20, 1976.

John D. French, Ralph Levy, III, St. Ann, for defendant-appellant.

George E. Sullivan, Joel B. Eisenstein, O'Fallon, for plaintiffs-respondents.

WEIER, Presiding Judge.

Defendant appeals from a judgment of the trial court determining that he is the father of plaintiff's child and ordering him to pay child support in the amount of $25.00 per week. In seeking a reversal, he contends that the judgment is against the weight of the evidence, that there is no positive evidence of sexual intimacy during the period of conception, and that "the trial court did not require and the respondent did not produce any evidence corroborating appellant's paternity and as a matter of law it must be corroborated where her testimony is contradictory and lacks credibility as it is in this case". We affirm the decision of the trial court.

The scope of review to be applied in this court-tried civil case is outlined in Rule 73.01(3). In *Murphy v. Carron*, 536 S.W.2d 30, 32[2] (Mo. banc 1976), this rule was construed to mean that "the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." Both of defendant's points are based on the sufficiency and credibility of the evidence presented. We, therefore, have carefully reviewed the transcript and weighed the evidence with due consideration of the trial court's ability to view the witnesses and determine the credibility of their testimony.

Three witnesses appeared at the trial but only the parties themselves testified concerning their relationship. The court could have found and inferred from the evidence that plaintiff met defendant in January of 1973; that she and defendant started going steady in April; that they had their first sexual intercourse at her apartment on May 14, 1973; that she had no sexual relations with any other person during the time of conception; and that their relationship and sexual relations continued until October, 1973, although in September, when she thought she was pregnant, he wanted to break off the relationship. She clearly stated that defendant was the father of her child and that she had no intercourse with

any other man other than defendant until December 25, 1973. Her daughter was born on May 23, 1974.

Plaintiff brought her diary to the witness stand so that she could refresh her memory. The entries had been made at or near the time of occurrence. She stated that she had always kept and still keeps the diary.

Defendant's testimony was substantially the same as that of plaintiff concerning their initial courtship. He testified that they had their first intercourse on May 14, 1973; that he saw her almost every day prior to his vacation in late June, 1973; that they had sexual intercourse sometimes when they met; and that although they had had no intercourse subsequent to his return from vacation in July, they continued to date each other after his vacation at a reduced level until they broke up on October 24, 1973.

■ Defendant's first point concerns the sufficiency of plaintiff's evidence and the absence of positive evidence of sexual intimacy during the period of conception. We have carefully considered the record and find plaintiff has sustained her burden of proof on the issue of sexual intimacy. *L.D. v. J.D.*, 481 S.W.2d 17[1, 2] (Mo.App. 1972). The court will take judicial notice of a human gestation period of 10 lunar months or 280 days unless evidence to the contrary is presented. *S.J.B. v. S.F.S.*, 504 S.W.2d 233, 235[6, 7] (Mo.App.1973). This would set the date of conception at the end of August, 1973, which is consistent with plaintiff's belief that she was pregnant on September 22, 1973, and her indication on the hospital records that her last normal period prior to the pregnancy was on August 20, 1973. The negative result of her pregnancy test on September 29th alone does not disprove this.

■ The evidence of sexual intimacy rests solely on the conflicting oral testimony of the plaintiff and defendant. Plaintiff was never questioned concerning sexual intercourse specifically during the months of August and September. She, however, stated that defendant is the father of her child, that she had sexual intercourse with no other man until December 25, 1973, and that she and defendant dated from May until October of 1973, and had sexual intercourse "sometimes" on these occasions. She also stated that in September of 1973 he told her to get an abortion when she indicated to him that she thought she was pregnant. The child was present during the trial so that a comparison of her features to those of defendant could be made. These are all relevant facts in proving paternity. 55 A.L.R.3d 1096–7. The absence of a specific question and answer concerning sexual intercourse during late August or early September of 1973 does not make this testimony fatally deficient.

■ Defendant's second point is that plaintiff's testimony was contradictory and lacked credibility and therefore, as a matter of law, could not be sufficient to support the verdict without some corroboration. *State v. Smith*, 259 S.W. 506, 508–9 (Mo. App.1924). In support of this contention defendant first points to the claims made in a "settlement letter". This letter was sent by plaintiff's attorney to defendant prior to the filing of any legal action and states, in part:

"It is my information that you have denied to my client that this is your child but it is my further information that we can prove it by scientific blood tests and witnesses that this is indeed your child * * *."

It is recognized that blood tests cannot indicate that a particular person is the father of a child but are only helpful in establishing non-parentage. *State v. Summers*, 489 S.W.2d 225, 229[5, 6] (Mo.App.1972). This apparent misunderstanding of the use of a blood test has little, if any, merit as a tool in destroying plaintiff's credibility, particularly where the letter was composed and sent by plaintiff's attorney rather than plaintiff herself.

To demonstrate plaintiff's lack of credibility, defendant also points to the following answer:

"Q (by defendant's attorney) When he came back from that vacation were you

satisfied with the relationship you and he had after that time?

"A Between July 14th of '73 and when he came back from vacation and October 28th he never came over or I didn't see him in six days."

Certainly this answer is confusing and unclear. But it does not destroy the rest of plaintiff's testimony. It must be taken in light of her earlier and later testimony that sustained the court in finding she had sexual intercourse with defendant as late as October. After studying plaintiff's testimony in its entirety we cannot say that this confused answer alone will rob her otherwise lucid and consistent testimony of all its credibility. No corroboration is here necessary.

The decision of the trial court was supported by substantial evidence, not contrary to the weight of the evidence, and does not erroneously apply the law. We affirm the judgment.

McMILLIAN and KELLY, JJ., concur.