Mildred ROBBIE, Personal Representative of Estate of Marjorie Marie Breidenbach, Deceased, Respondent-Appellant,

v.

Judy GERSTNER,
Petitioner-Respondent.

No. 52012.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 28, 1987.

Arthur K. Rehm, Clayton, for respondent-appellant.

Gary D. Bollinger, St. Louis, for petitioner-respondent.

KAROHL, Judge.

Judy Gerstner as the mother of two minor sons filed a petition for declaration of paternity for her children in the probate court to support their right to inherit in the estate of Marjorie Marie Breidenbach. She alleged the father of her children was Dennis Breidenbach, a predeceased son of Marjorie Marie Breidenbach. The probate court so found and determined that the children were the legal heirs of decedent. The estate appeals on a single issue of sufficiency of proof. The estate claims the court's findings are not supported by evidence sufficient to. meet the required standard of clear and convincing proof of paternity. Section 474.060 RSMo Cum Supp. 1984.

We affirm. The allegations in the petition were supported by the testimony of petitioner as the natural mother, the testimony of three disinterested witnesses and comparison photographs from which the court found striking similarity of features between Dennis Breidenbach and the two boys.

Judy Gerstner testified that she lived with Dennis Breidenbach between 1976 and 1982 and that he was the father of her two sons. They lived together in St. Louis for approximately one year and in California for approximately five years. She gave birth to two sons, Dennis Breidenbach III, born March 11, 1977 and James Breidenbach, born October 10, 1982. The parties were never married. Dennis Breidenbach was separated from his wife, Pamela, during this period. They were divorced prior to his death in December, 1982. Petitioner Gerstner also testified that Dennis III and James began receiving social security pay-

ments in respect of their father's account after his death.

Mark Wilkens, Breidenbach's friend of approximately fifteen years, testified that Dennis was the father of the two boys; that Dennis frequently took the boys on outings and was proud of them. Wilkens testified that petitioner Gerstner and Dennis Breidenbach lived together for several years.

Dennis Breidenbach's former wife, Pamela Betancourt, testified that Breidenbach and Gerstner lived together in St. Louis and California; that Breidenbach supported James and Dennis III "off and on" and that he referred to them as his sons.

Derrick Breidenbach, the son of Dennis Breidenbach and Pamela Betancourt, testified that his father treated Dennis III as a son. This is especially interesting because this testimony would be adverse to the pecuniary interest of the witness.

Family photographs were introduced without objection. The trial court observed and noted a striking similarity of features between Dennis Breidenbach and the two boys as indicated by the photographs.

Petitioner had the burden of establishing paternity with a resulting right of inheritance by clear and convincing proof. Section 474.060 RSMo Cum Supp.1984. The estate's only claim on appeal is that the finding of the probate court was not supported by evidence sufficient to meet this standard. The matter of credibility was for the trial court. *Retirement Board of Police Retirement System of Kansas City v. Noel*, 652 S.W.2d 874, 879–80 (Mo.App. 1983). The trial court evidently believed the witnesses. The unopposed evidence was not merely sufficient to meet the standard of clear and convincing, it was consistent and overwhelming. We review this court tried case by Rule 73.01 as interpreted in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). By that standard we find the evidence sufficient even beyond a standard of clear and convincing.

In addition to the testimony the comparison photographs were probative. We have affirmed the finding of paternity based upon such evidence. *See, T.A.L.S. v. R.D.B.*, 539 S.W.2d 737, 739 (Mo.App.1976). The trial court was evidently satisfied and observed the similarity of features between the boys and their father, Dennis Breidenbach.

■ Petitioner has filed a motion for damages based on Rule 84.19. This rule authorizes the court to award damages to respondent "as the court shall deem just and proper." A frivolous appeal is one devoid of merit on the face of the record and with little prospect of success. *Means v. Sears, Roebuck & Co.*, 550 S.W.2d 780, 789 (Mo. banc 1977). It is apparent that the sole claim of error presented by this appeal is devoid of merit on the face of the record, had no prospect for success, and is unsupported by any legal authority. The only case cited in appellant's brief is *Matter of O'Brien*, 600 S.W.2d 695 (Mo.App. 1980) which is offered to support the applicable standard of proof. The brief fails to recognize all of the favorable evidence supporting the finding of the trial court on the issue of paternity. Under these circumstances the motion of petitioner for damages for frivolous appeal is sustained. This presents an unusual situation because the judgment of the probate court which we here affirm will result in a right of inheritance for the two minor sons of petitioner. To the extent that they inherit they will be required to pay the amount of the damages as an expense against their inheritance.

The judgment of the probate court is affirmed. Petitioner's motion for damages for frivolous appeal under Rule 84.19 is sustained. Petitioner is awarded damages in the amount of $500.00. Costs to be taxed against appellant.

PUDLOWSKI, P.J., and CRANDALL, J., concur.