**STATE of Missouri, DIVISION OF FAMILY SERVICES and William Sean Guy, a Minor by Next Friend, Delores Coleman and Delores Coleman Individually, Plaintiffs/Respondents,**

**v.**

**William GUY, Defendant/Appellant.**

**No. 53010.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 19, 1988.

Rehearing Denied May 25, 1988.

William Guy, pro se.

Randye Weber Rosser, Clayton, for plaintiffs/respondents.

GARY M. GAERTNER, Presiding Judge.

Appellant, William Guy, appeals from the trial court's decree which determined that appellant is the natural father of William Sean Guy (hereinafter referred to as Sean). We affirm the judgment of the trial court.

On March 18, 1987, the trial court heard evidence as to a petition for declaration of paternity and order of support filed by. respondents against appellant. An expert witness in paternity blood testing from the American Red Cross testified that blood test results of the parties to this case indicated that there was a 99.98% probability that appellant was the natural father of Sean. Dolores Coleman testified that she had never been married, that she was Sean's natural mother, and that appellant was Sean's natural father. She stated that she dated appellant from October 1980 into January 1981; that she had sexual intercourse with appellant in each of the months

during which they dated, including "the first part of January 1981;" and that Sean was born on November 1, 1981. She further testified that she did not have sexual intercourse with any other man from December 1980 to February 1981. Appellant's testimony was contradictory. He stated that sexual intercourse between Dolores Coleman and himself ended "around the first or second week of January in 1981" and that at first he had admitted to himself that he was Sean's father. Later, however, appellant maintained that no sexual relations occurred after December 1980. The trial court entered a decree adjudging appellant to be the natural father of Sean and ordering appellant pay $75.00 per month as child support. Additional facts will be set forth as they become warranted by our discussion of the issues.

■ At the outset, we take cognizance of the appropriate standard of review. This court must sustain the decision of the trial court unless there is no substantial evidence to support its judgment, the judgment is against the weight of the evidence, or the judgment erroneously declares or applies the law. *In re Adoption of W.B.L.,* 681 S.W.2d 452, 454 (Mo. banc 1984). In addition, we note that appellant has proceeded *pro se* throughout this action, including the writing of his brief on appeal. And, while appellant has the right to appeal his own case, he is bound by the same rules of procedure as are those admitted to the practice of law. *Johnson v. St. Mary's Health Center,* 738 S.W.2d 534, 535 (Mo. App., E.D.1987).

Discerning appellant's assignments of error is extremely difficult. However, it appears that he is asserting essentially five points on appeal: first, he raises various constitutional arguments; second, he argues that the trial court's judgment was against the weight of the evidence; third, he asserts that the blood test results should not have been entered as evidence; fourth, he maintains that the trial court improperly interfered with his cross-examination of witnesses; and lastly he attacks the trial court's refusal to grant appellant's request for a continuance. Each of these assignments of error will now be examined in turn.

■ Appellant's attempt to attack the judgment on various constitutional grounds must fail. Constitutional issues cannot be raised for the first time on appeal. *State v. Stock,* 463 S.W.2d 889, 895 (Mo. 1971). This point is denied.

■ Appellant's contention that no substantial evidence exists to support the trial court's decree is refuted by the record of the proceedings; respondents proved appellant's paternity by a preponderance of the evidence. *Stegemann v. Fauk,* 571 S.W.2d 697, 698 (Mo.App., E.D.1978) (one who is unaided by the presumption of legitimacy afforded by marriage must demonstrate paternity by a preponderance of the evidence). Appellant himself admits that he met Dolores Coleman in October 1980 and thereafter had sexual intercourse with her on numerous occasions. His testimony as to when their sexual relations ceased is contradictory. However, Dolores Coleman states unequivocally that she and appellant had sexual intercourse in January 1981 and that from December 1980 through February 1981 she did not have sexual intercourse with any other person. Furthermore, an expert witness testified that blood test results showed that there was a 99.98% probability that appellant was Sean's natural father. The trial court is free to accept or reject all, part, or none of the testimony of any witness, and this court will defer to its assessment of the witnesses' credibility. *Grommet v. Grommet,* 714 S.W.2d 747, 748 (Mo.App., E.D. 1986). In addition, Missouri courts have taken judicial notice that the human gestation period is generally 280 days, *T.A.L.S. v. R.D.B.,* 539 S.W.2d 737, 739 (Mo.App., E.D.1976), although the period of gestation may range up to eleven months. *Rasco v. Rasco,* 447 S.W.2d 10, 17 (Mo.App., W.D. 1969). This point is denied.

■ Appellant's allegation that it was error for the trial court to admit into evidence the blood test results was not preserved for appellate review. At trial, when respondents offered the test results into evidence, the trial judge specifically asked appellant if he had any objection, to which appellant responded, "No, sir." This court cannot review an objection to the admission

of evidence which was not presented to or expressly ruled upon by the trial court. *Federal Deposit Insurance Corp. v. Crismon,* 513 S.W.2d 305, 307 (Mo.1974). We note that the results of blood tests to establish paternity and expert opinions derived from them are generally admissible. *See Imms v. Clarke,* 654 S.W.2d 281 (Mo. App., W.D.1983). This point is denied.

Appellant's assertion that the trial court improperly interfered with appellant's cross-examination of witnesses is baseless. The transcript is devoid of any indication that appellant was not freely accorded the right to cross-examine witnesses; there is no evidence that the trial court unduly restrained or interfered with appellant's right to confront his opponents. *Houfburg v. Kansas City Stock Yards Co.,* 283 S.W.2d 539, 548–49 (Mo.1955). This point is denied.

Lastly, appellant's contention that the trial court erred in denying his request for a continuance is groundless. Appellant concedes in his brief that he answered "ready" at the docket call on March 16, 1987. Appellant seems to be arguing that the trial court should have granted him a continuance when he made the request on March 18, 1987, based on the vaguely articulated premise that appellant was not aware of the blood test results until the day of trial. However, as this was a civil case, respondents were under no duty to voluntarily supply discovery to appellant. There is no showing that the blood test results were not as accessible prior to trial to appellant as they were to respondents. The fact that appellant was unaware of the material is legally insignificant. *See Johnson v. St. Mary's Health Center,* 738 S.W.2d at 535 (one who proceeds *pro se* is entitled to no indulgence he would not have received if he had been represented by counsel). This point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.