Kevin BUNCH, Appellant,

v.

Robert RIDENHOUR, Respondent.

No. 64734.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 4, 1994.

Kevin Bunch, pro se.

Dan L. Birdsong, Rolla, Ronald J. Prenger, James W. Riner, Jefferson City, for respondent.

Before REINHARD, P.J., and GARY M. GAERTNER and CRAHAN, JJ.

*PER CURIAM.*

Appellant, Kevin Bunch, appeals from a judgment entered in the Circuit Court of Osage County granting a petition for approval of settlement filed by family members of appellant in a wrongful death action against respondent, Robert Ridenhour. We dismiss the appeal.

Appellant and other family members [1] filed petitions [2] for damages based upon the wrongful death of Leslie Clayton Bunch, husband or father of the plaintiffs. In June of 1993, after respondent had filed a petition with the circuit court for approval of his proposed settlement, appellant filed a *pro se* petition for damages and a motion to disapprove settlement. About the same time, James Riner, attorney for appellant, filed a motion to withdraw from representation of appellant. Attorney Riner's motion was granted. On July 28, 1993, appellant sent notice to attorney for respondent indicating his intention to call his motion to disapprove settlement for hearing on August 5th.

On August 5, 1993, all plaintiffs, excluding appellant, filed a request for the court to approve respondent's settlement offer of $29,500.00. The court held a hearing on that date, and on August 6th, 1993, signed an order approving the settlement offer and disbursing the settlement among the plaintiffs. Appellant was apportioned $750.00 for himself, and an additional $250.00 to be paid to his former attorney. Appellant refused to sign the release and satisfaction of judgment and collect the $750.00, which the court ordered turned over to the registry of the Circuit Clerk of Osage County to be held in

1. Specifically, Kathy Bunch, Leslie K. Bunch, Connie Bunch, David Bunch, Gene Bunch and Timmy Bunch.

2. Two separate petitions were filed by two groups of plaintiffs. The first group, Kathy Bunch, Leslie K. Bunch and Kevin Bunch, represented by the law firm of Hendricks, Riner &

Smith, filed suit on February 24, 1992. The second group, consisting of Connie Bunch, David Bunch, Gene Bunch and Timmy Bunch by his next friend, Connie Bunch, represented by Ronald J. Prenger, filed its cause of action on March 4, 1992. The two actions were eventually consolidated.

trust for appellant. Appellant now appeals from the apportionment.

Appellant's points relied on suggest, first, that the trial court erred in settling the case without appellant's approval of the settlement and by ignoring his request for a jury trial. Next, appellant argues it was erroneous for the court to award him only one third of that which was awarded to his brother, Leslie Bunch, and his sister, Kathy Bunch.

 We note at the outset appellant's brief contains numerous violations of Rule 84.04, which addresses the contents of briefs on appeal. Pursuant to Rule 84.04(c), the statement of facts must contain "a fair and concise statement of facts relevant to the questions presented for determination without argument." Appellant's facts consist of one sentence: "That on or about the 5th day of August, 1993, the honorable [sic] Judge Schaeperkoetter held a hearing at the circuit court of Osage County Missouri and entered into a judgement to settle all claims in *Bunch v. Ridenhour,* No. CV792–18CC without Plaintiff's *(Appellant herein)* consent or knowledge." Besides being argumentative, this statement fails to provide this Court with a number of facts relevant to appellant's claims on appeal.

Additionally, although appellant's points relied on sufficiently state the actions of the circuit court he sought to have reviewed, appellant failed to state "wherein and why" these actions were claimed to be erroneous. Rule 84.04(d); *See Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978). Appellant also failed to provide a list of authorities in support of his points raised, as is required by Rule 84.04(d).

Finally, we find violations of Rule 84.04(e) in that appellant failed to address the arguments he raised in his points relied on. In fact, it appears appellant has actually utilized the "Argument" to elaborate on the contention he raised in the "Facts" section of his brief.

 Although appellant has every right to proceed *pro se* in his appeal before this Court, *pro se* appellants are bound by the same rules of procedure as are attorneys acting in representation of their clients.

*State, Div. of Family Services v. Guy,* 750 S.W.2d 618, 619 (Mo.App.E.D.1988).

Accordingly, due to the abundance and nature of the errors contained in appellant's brief, we dismiss the appeal. *See State v. Kurt,* 867 S.W.2d 675, 676 (Mo.App.E.D. 1993); *Jones v. Jones,* 819 S.W.2d 773, 774 (Mo.App.E.D.1991).

